STATE, JACOB R. CASSELBURY ET AL., PROSECUTORS, v. INHABITANTS OF THE TOWNSHIP OF PISCATAWAY.

1. Where there has been undue delay in suing out a writ of *certiorari* to review a tax sale, and the writ is not prosecuted in aid of the prosecutor's title, the writ will be dismissed.
2. A municipality is not bound to refund the purchase money received on a tax sale, merely because there has been illegality in the proceedings which defeats the title of the purchaser

Casselbury v. Piscataway.

On *certiorari*.

Argued at February Term, 1881, before Justices DIXON, REED and PARKER.

For the prosecutors, *G. Collins*.

For the defendants, *Suydam & Jackson*.

The opinion of the court was delivered by

DIXON, J.   This writ of *certiorari* was sued out by the purchaser at a tax sale, and his grantee, for the purpose of having that sale set aside.   The sale was made in October, 1873, and the writ of *certiorari* was issued in June, 1880. The suit, of course, is not prosecuted in aid of any action of ejectment, the effect of successful prosecution being to remove every shadow of claim which the prosecutors could make to the land sold.   Under these circumstances, it is the settled practice of this court not to regard objections presented after so long delay.   *State, Weart, pros., v. Jersey City,* 12 *Vroom* 510; *State, Jersey City L. & B. Co., pros., v. Love,* 13 *Vroom* 355.

The object of the prosecutors in seeking to have the sale annulled is to prepare the way for a suit to recover from the township the purchase money paid on the sale.   It is not denied that the township had the power to tax and to sell for taxes, that the taxes were actually levied and were unpaid, that a sale was actually made, and that there was no fraud or imposition, and no warranty; it is merely alleged that there was illegality in the method of procedure.   The rule of law applicable to such a case is that the municipality is under no obligation to refund  the purchase money because the tax title fails; the purchaser is a volunteer, and buys at his own risk. *Lynde* v. *Melrose,* 10 *Allen* 49 ; *Cooley on Tax.* 572.

The case of *Phillips* v. *City of Hudson,* 2 *Vroom* 143, is not to be regarded as opposed to this rule.   That case arose upon a demurrer to four counts of a declaration.   Of course if any count was good, the demurrer must be overruled.   For satis-

Overseer v. Pickell.

factory reasons, two of the counts were considered by all the judges to be sufficient; hence the decision was for the plaintiff. Justice Elmer, with whom Justice Van Dyke concurred, expressed the opinion that the other counts, also, were good. These counts sought the recovery of money paid by the plaintiff to the city, on a sale of lands by the city for the purpose of enforcing an assessment for a street improvement, and averred that the ordinance for the improvement and the assessment were void. These judges reached the conclusion that the assessment was void, that the declaration of sale was a nullity, and that the case stood as if no conveyance had been executed. The matter was thus placed upon the footing of an unexecuted agreement to convey, in pursuance of a sale made to enforce payment of a tax not legally due to the city. Viewed in this aspect, that case is, by essential differences, distinguishable from the case in hand.

The *certiorari* must be dismissed, with costs.