## SAMUEL TOOKER v. CHARLES ROE, JR.

Where a declaration of sale of land for taxes is void, because the sale was made by a collector of taxes, under a warrant issued by the township committee, to any *constable* of the county, there being no covenant or warranty of title, the purchaser who pays the consideration price voluntarily, with knowledge of the facts, cannot recover back the purchase money of the collector, after the same has been paid over to the township for a tax legally assessed.

On *certiorari* to the Court of Common Pleas of Sussex county, to review a judgment on appeal from a justice's court.

The state of the case agreed on shows the following facts: The defendant, Charles Roe, Jr., was tax collector of the township of Frankford, in the county of Sussex, during the year 1876. A tax warrant was delivered to him by the township committee, directed to and requiring any constable of said county to make sale of lands of Daniel Rutan, for taxes assessed thereon for the year 1874. He advertised, and sold the lands September 2d, 1876, to Samuel Tooker, the highest bidder, at public sale, for the term of four years. A declaration of sale was executed by said collector to Tooker, who gave his note for $81.66, payable one day after date, as consideration for the deed, to Charles Roe, Jr., collector, or bearer. On April 2d, 1878, Tooker paid the amount of the note and interest, to Roe, and took his receipt for the same, as for money paid for the consideration aforesaid. Before Tooker paid the note, he had been informed, and knew that the deed from the collector was not a good title to him, and he was induced to pay the note because he feared it would be transferred, and suit brought thereon against him, as the collector had threatened. Tooker never obtained possession of the land under the declaration of sale, the occupant thereof having refused to deliver it to him on demand. Tooker paid over the money received on the note, as collector of taxes, to

the township, after which this suit was brought before a justice of the peace, to recover of Tooker the amount of money paid to him, and interest. The justice gave judgment against the defendant, and the Court of Common Pleas affirmed the judgment, and gave judgment in that court for the whole amount, interest and costs.

Argued at June Term, 1882, before Justice SCUDDER.

For the plaintiff, *L. Van Blarcom.*

For the defendant, *Charles J. Roe.*

The opinion of the court was delivered by

SCUDDER, J. The reasons assigned for reversal will be considered in their order. The objection that the action should have been an action on the case, and not in debt, is not tenable. The claim was to recover money had and received for the use of the plaintiff, and in that form, it was a demand founded on simple contract, for the payment of money only, and the suit therefor must be in the name and style of an action for debt, in the court for the trial of small causes. *Rev.*, p. 543, § 22. The next exception is that the collector, having paid the amount received by him for a tax legally assessed against the lands of Daniel Rutan, to the township, before suit brought, or notice to retain it, is not liable, but the suit, if maintainable, must be brought against the township. This is not a valid objection, for if the collector knew, as it appears in the case he did, that the warrant, tax sale and declaration of sale were illegal, and that the plaintiff took no title thereunder, before he paid over the money to the township, the payment was made at his risk, and he may be sued for repayment, if the action is maintainable against either him or the township. The remaining reasons for reversal are not merely formal, but go to the merits of the action, and will be considered together. It is alleged that the declaration of sale is without authority of law, and

a nullity; that there is, consequently, an entire failure of consideration, and the plaintiff is entitled to recover back the consideration price paid by him. It will be observed that there is no charge of fraud or deceit in the sale, but that it was illegal. The action is not, in form, an action on the case for fraud or deceit, but in debt, for the price paid. Is, then, the defence that is urged available in this action? That the sale made by the collector was void, cannot be disputed. A warrant for taxes was issued by the township committee, directed to any *constable* of the county of Sussex, according to section 3 of "An act to make taxes a lien on real estate, and to authorize sales for the payment of the same," approved March 17th, 1854, (*Rev., p.* 1163,) and it was delivered by them to the collector of Frankford township, who executed the same, under section 29 of a supplement to "An act concerning taxes," approved April 14th, 1866. *Rev., p.* 1159. The sale under this warrant was clearly without authority. See *Dinsmore* v. *Westcott*, 10 *C. E. Green* 470.

The form of the declaration of sale is not given in the state of the case, but it was undoubtedly in the usual form, reciting the proceedings and the sale of the land to the purchaser for the term of four years. Being without covenants for title, the purchaser could have no remedy, either at law or in equity, for a failure of title, if it purported to convey a freehold estate; but as it only assured à conveyance for a term of years, or an estate less than freehold, it will be held, under the authority of *Phillips* v. *City of Hudson*, 2 *Vroom* 143, (1864), that the purchase money may be recovered back in an action of *assumpsit*, on a covenant of title implied from the words of leasing. But in my judgment, the authority of this case is shaken by the dissenting opinion, and by the subsequent case of *Hampton* v. *Nicholson*, 8 *C. E. Green* 423, (1873), in which the Chancellor says: "Purchasers frequently accept deeds by which no title is conveyed, under a misapprehension of the law. When there is no mistake or misrepresentation as to the facts, and no fraud and no warranty of title, they have no redress at law or in equity." In *Lynde* v. *Melrose*, 10

*Allen* 49, (1865), where, upon facts like the present case, the court say: "Where there is no fraud or imposition, the sale of land without warranty creates no obligation to return the purchase money, in any event." Add to these the weight of opinions expressed in *Rawle on Covenants*, *ch.* 13, and in *Cooley on Taxation* 567, where the above rule of law is insisted on as a rule of public policy also; and it may well be doubted whether the plaintiff has shown any right to recover back the purchase money, if there were no other reason or authority than those already considered.

But there is a reason assigned for reversal which is decisive. The note given to the collector for the purchase money, was payable one day after date; it remained unpaid from September 2d, 1876, until April 2d, 1878, when it was paid by Tooker to the collector, Roe, who still held it; and this payment was made with full knowledge of all the facts, after he had been told the collector's deed was not good, and when whatever defence he might have to the payment was as available to him as it ever could be. Without notice or reservation of a right to reclaim the money, he permitted it to be paid over by the collector to the township, before this action was brought to recover back the consideration money. The rule that is applicable, and the reasons for it, are given in *Mayor, &c., of Jersey City* ads. *Riker*, 9 *Vroom* 225. When money is demanded as a legal right, and it is paid without compulsion, and with a full comprehension of the facts, the money so paid cannot be reclaimed by a suit at law. The reason of this rule is, that the party paying had an opportunity to dispute the claim, and having waived it at his own volition, it is impolitic to permit him to bring suit for it. Here the note was past due, in the hands of the original holder; there was no danger to be apprehended from a transfer to a *bona fide* holder for value, nor any possibility of cutting off a defence, if the plaintiff had a legal one. If, in this position, he paid the note to the public officer, who, in the discharge of his duty, in payment of a tax legally assessed and due, paid the money received

over to the township, the plaintiff is not in a position to sue him and recover it back.

The judgment below should be reversed.