MURPHY *v*. SEWARD *et ux.**

(Division A.    Dec. 13, 1926.)

[110 So. 790.    No. 25832.]

1. TAXATION. *Tax title holder may not recover statutory penalty for cutting trees by delinquent owner, intending to redeem (Hemingway's Code, section 6966; Laws 1924, chapter 167).*

    Holder of tax title, under Code 1906, section 4332 (Hemingway's Code, section 6966), *held* not entitled to recover statutory penalty, authorized by Laws 1924, chapter 167, for cutting of trees on land by delinquent owner thereof, intending to redeem before expiration of redemption period.

2. TRESPASS. *Law imposing penalty for cutting trees must be strictly construed (Laws 1924, chapter 167).*

    Laws 1924, chapter 167, must be strictly construed, in so far as statutory penalty for cutting trees is concerned.

3. Taxation. *Tax title holder, entering on land without delinquent owner's consent before expiration of redemption period, is "trespasser"* (*Hemingway's Code, section* 6966).

Holder of tax title, under Code 1906, section 4332 (Hemingway's Code, section 6966), has no right to possession and enjoyment of estate until expiration of redemption period, and if he enters on land without delinquent owner's consent is a "trespasser."

4. Taxation. *Delinquent owner, cutting timber on land sold for taxes with bona-fide intention to redeem, is not subject, to penalty* (*Laws* 1924, *chapter* 167).

Delinquent owner of land sold for taxes, who cuts timber thereon, having at time right and *bona-fide* intention and purpose to redeem from tax sale before expiration of redemption period, is not guilty of such willful trespass as to subject him to penalty, under Laws 1924, chapter 167.

*Corpus Juris-Cyc. References: Statutes, 36Cyc, p. 1181, n. 38; p. 1183, n. 46; Taxation, 37Cyc, p. 1470, n. 23 New, 25; p. 1471, n. 26; p. 1472, n. 37 New; Trespass, 38Cyc, p. 1164, n. 46.

Appeal from circuit court of Humphreys county.

Hon. S. F. Davis, Judge.

Suit by Mrs. C. W. Murphy against D. Seward and wife. From that part of the judgment denying plaintiff's right to recover statutory penalty for cutting of trees, plaintiff appeals. Affirmed.

*Montgomery & Montgomery, C. M. Murphy* and *E. O. Sykes,* for appellant.

When Mrs. Seward began to cut this timber, she had only an equity of redemption in the land. She knew and understood all about this equity of redemption and about the sale of these lands for taxes. She and her husband were frequent purchasers at sales of this character. His testimony shows he was entirely familiar with the title acquired at these sales and everything of this kind.

The question therefore presented, as we see it, is purely a question of law. It involves the construction of two statutes; viz, chapter 167, Laws of 1924, and section 6966,

Hemingway's Code. The only change made by chapter 167, Laws of 1924, is merely to provide for the recovery of a penalty in addition to the actual damages, or the value of the trees.

Prior to the enactment of this statute it was the holding of this court that there could not be a recovery of both the penalty and actual damages, but the one was exclusive of the other. The opinions of the court construing these two statutes make it perfectly plain that this appellant was entitled to a peremptory instruction for the recovery of the statutory penalty, as well as one for the recovery of actual damages. Perhaps the leading case which announces the rule regarding the recovery of the statutory penalty in actions of this kind is *Mhoon* v. *Greenfield,* 52 Miss. 434. See, also, *Therrell* v. *Ellis,* 83 Miss. 494.

Section 6966, Hemingway's Code (section 4332, Code of 1906), says that a perfect title to these trees was at this time vested in the Murphys. If this be true, then unquestionably the Murphys were the owners of these trees when they were cut. See *Mayson* v. *Banks,* 59 Miss. 447, where the court speaks of the lists of lands struck off to the state. This list of lands, just as a deed to an individual, vests title in the state. Each of these statutes means exactly what it says. *Eureka Lbr. Co.* v. *Terrell,* 48 So. 628, is decisive of the question that Mrs. Murphy got title to both the land and the trees. *Howze* v. *Rook Lbr. Co.,* 118 Miss. 293, involved identically the same question, except in the Howze case a house was removed instead of trees cut.

In the above cases, unless the tax deed had vested title in the purchaser at the time of sale, there could have been no recovery in either of them. These cases necessarily decided that the purchaser is the owner of the property, but that his right of possession is postponed until after the period of redemption has expired.

It might be well for the court to remember that our statute relating to mortgages expressly makes the mort-

gagee the owner of the legal title to the land after condition is broken. This case in a number of its aspects is very similar to *Smith* v. *Forbes,* 89 Miss. 141. *Braham* v. *Telephone Co.,* 97 Miss. 326, is also directly in point.

Briefly summing up our argument, we submit that we are entitled to a peremptory instruction for the recovery of the penalty for cutting these seven hundred and four trees at fifteen dollars a tree for the reason that the facts make this case come within both the letter and the spirit of chapter 167, Laws of 1924. The trees were cut within twelve months before the institution of the suit. They were knowingly cut by the defendants who had actual knowledge of all of the facts. Under the section of the code and the decisions of this court above cited the plaintiff was the owner of the trees when they were cut.

*J. G. Holmes,* for appellees.

Appellant brings her action under chapter 167, Laws of 1924. She asserts her claim to the statutory penalty by virtue of the tax title which she acquired at the sale made to her on April 2, 1923, and under section 6966, Hemingway's Code, which prescribes the form of conveyance to be executed by the tax collector, and which provides that such conveyance "shall vest in the purchaser a perfect title to the land sold for taxes, subject to the right of redemption."

At the threshold of the questions involved in this case, it is well to understand the status and respective rights of the owner of the land the purchaser thereof at tax sales during the period allowed for redemption. While section 6966, Hemingway's Code, provides that the tax collector's conveyance "shall vest in the purchaser a perfect title to the land sold for taxes, subject to the right of redemption," this conveyance is not delivered to the purchaser until the expiration of the period of redemption, and during the interim the purchaser is not permitted to exercise any of the rights of true ownership.

He has no right to the possession and enjoyment of the estate. If he enters upon the land without the consent of the delinquent owner, he is a trespasser. He has what may be called a *sub modo* title, but he is not himself the owner. He has not the incidents of true ownership which carries with them the right to the possession and enjoyment of the estate, and the right to do with it as he pleases. Under section 6979 of Hemingway's Code, he has a lien on the land for the tax purchase money, interest and damages, and he has a further right to become the absolute owner at the end of two years, if there is no redemption as provided for under section 6972, Hemingway's Code. He is in the nature of a lienholder. See, also, 37 Cyc., pages 1468; 1470, 1471; *Pool* v. *Ellis et al.,* 64 Miss. 564; *Mhoon* v. *Greenfield et ux.,* 52 Miss. 434.

There are several reasons why the appellant is not entitled to recover the statutory penalty:

I. In cutting the trees the appellees acted in the utmost good faith, and were wholly free from wilfulness. The appellant cannot recover the statutory penalty unless the appellees in cutting the trees were willful wrongdoers. *Mhoon* v. *Greenfield,* 52 Miss. 434; *Therrell* v. *Ellis,* 83 Miss. 494. The undisputed evidence in this case shows that the appellees in cutting the trees acted in the utmost good faith and were wholly free from any willful disregard of the rights of others.

It is submitted that even though the appellees did cut the timber without any intention of redeeming the land from the subsequent tax sales, but under the honest belief that they had a right to cut it by virtue of Mrs. Seward's title, there would be no liability for the penalty. I am mindful of the legal maxim to the effect that ignorance of the law does not excuse. It is well settled, however, that this has reference to the general law of the land, and has no reference to the mistakes of persons as to their own private legal rights and interests. *Hoy* v. *Hoy,* 93 Miss. 732; *A. & V. R. R. Co.* v. *Jones,* 73 Miss.

110, 2 Pom. Eq. Jur., section 841.; *Lusby* v. *Kansas City R. R. Co., etc.,* 73 Miss. 360; *Bond* v. *Griffin,* 74 Miss. 599.

II. The appellant was not the owner of the trees as contemplated by the statute. The statute fixes the right to recover in the owner of the trees. The statute being highly penal, and the recovery being for a trespass, it has reference, of course, to the owner at the time the trees were cut. At that time neither Mrs. Murphy nor Mr. Murphy had received their tax deed, because the period of redemption had not expired. Therefore, they had no right whatever to the possession of the land or the trees. They had no right to even enter upon the land, and if they had done so without Mrs. Seward's consent, they would have been guilty of trespass. They were not, therefore, the owners of the land in the sense that they possessed the incidents of true ownership.

It is expressly held in Illinois, under a statute similar to ours giving the right to sue for the penalty to the "owner," that it means one with a fee-simple title, as the statute is penal. *Wright* v. *Bennett,* 4 Ill. 257, and cases cited, particularly 1 Chitty on Pleading, 538. This case was cited and reaffirmed in *Mason* v. *Park,* 4 Ill. 533, in which Abraham Lincoln was counsel.

As to who is the "owner" of property, see *Garner* v. *Hawkeye Ins. Co.,* 28 N. W. 555, 69 Iowa 202; *McLain* v. *Maricle,* 83 N. W. 85, 60 Neb. 363; *Territory* v. *Young,* 2 N. W. 93; *Turner* v. *Cross,* 18 S. W. 578, 83 Tex. 218, 15 L. R. A. 263; *Dow* v. *Gould & Curry Silver Mining Co.,* 31 Cal. 629; *Directors of Fall Brook Irr. Dist.* v. *Abila,* 39 Pac. 794, 106 Cal. 355; *Larimer County Ditch Co.* v. *Zimmerman,* 34 Pac. 1111, 4 Col. App. 78; *Johnson* v. *Crookshanks,* 28 Pac. 78; *Sargent* v. *Inhabitants of Machias,* 65 Me. 591; *James* v. *Blanton,* 121 S. W. 951; *Bush* v. *Register, etc.,* 36 So. 900.

It is interesting to note that in the language used by the court in *Pool* v. *Ellis,* 64 Miss. 555, the delinquent owner during the period of redemption is the one who is

denominated as the "owner" of the land. The tax purchaser is not referred to as the owner during the period of redemption.

III. The appellant shows neither title nor possession. Before the appellant can recover the statutory penalty in this case, it must appear that at the time the trees were cut she either had actual possession or such title as drew to her constructive possession. *Darrill* v. *Dodds,* 78 Miss. 912.

IV. Waste is the remedy and right. It is clear from the authorities that the appellant has no right to maintain the action against the appellee for trespass. It was conceded in the court below and is conceded here that her recovery for the actual value of the trees was proper. This is sanctioned by this court in *Eureka Lbr. Co.* v. *Terrell,* 48 So. 628, and *Howze* v. *Rook Lbr. Co.,* 118 Miss. 298. In neither of these cases was there any question of penalty or trespass. It was not even claimed in the case of *Eureka Lbr. Co.* v. *Terrell, supra,* that the tax purchaser could maintain an action of trespass and recover the statutory penalty. Where land is sold for taxes and is not redeemed, the remedy of the tax purchaser for an injury done the estate during the period of redemption is that of an action in the nature of an action for waste. There is a distinction between waste and trespass. 40 Cyc., page 498, note and authorities there cited; 27 R. C. L. 1032; *Duvall* v. *Waters,* (Md.), 18 Am. Dec. 350; *Hamilton* v. *Austin,* (N. Y.), 36 Hun. 138; *Price* v. *Ward,* 25 Nev. 203, 46 L. R. A. 459.

The distinction between waste and trespass is found in all authorities. 30 Am. and Eng. Ency. of Law (2 Ed.), under the subject of "Waste" discusses at length the distinction. 27 Am. and Eng. Ency. of Law, pages 982, 983, contains a discussion of waste as it relates to tax titles.

Mrs. Seward in cutting the trees committed only waste, and is liable therefor, and not for the statutory penalty. In recovering for the actual value of the trees the appellant has recovered as for waste, and this is the limit and extent of her right of recovery.

The cases of *Smith* v. *Forbes,* 89 Miss. 141, and *Brahan* v. *Telephone Co.,* 97 Miss. 326, are not applicable. Chapter 167, Laws of 1924, gives no new right as to actual damages. The cases of *Eureka Lbr. Co.* v. *Terrell,* 48 So. 62ᴏ, and *Howze* v. *Rook Lbr. Co.,* 118 Miss. 293, both decided prior to the enactment of chapter 167, Laws of 1924, held that the tax purchaser, after the period of redemption had expired and where there was no redemption, could recover the actual value of trees removed or a house removed. Prior to the enactment of chapter 67, Laws of 1924, both the statutory penalty and the actual value could not be recovered, the one being exclusive of the other. *Roell et al.,* v. *Shields,* 124 Miss. 226.

The purpose of chapter 167, Laws of 1924, was simply by way of amendment of the former statute to permit the recovery of the statutory penalty and the actual value in the same suit.

*Montgomery & Montgomery,* in reply, for appellant.

I. Appellees acted in bad faith and willfully cut the trees. Under the acts we are amazed at the attempt of opposing counsel to argue that appellees entered upon this land with the honest intention of putting same into cultivation and with any intention whatever of redeeming same.

II. The appellant was the owner of the trees at the time same were cut. We fail to find any case in all the books which predicates any distinction upon the degree of ownership necessary for the recovery of the actual value and the degree of ownership necessary for the recovery of the statutory penalty. The statute makes no

such distinction and any distinction would necessarily be judicial legislation.

We fully appreciate the fact that during the two years allowed for redemption, the title of the tax purchaser is inchoate. There is a great deal of difference between the rights of the parties during the period of redemption and the rights of the parties after expiration of the redemption period.

The case of *Pool* v. *Ellis,* 64 Miss. 555, 1 So. 725, establishes the rights of the parties during the period allowed for redemption. During the period allowed for redemption the delinquent owner is owner of the right of possession, and is the owner of the equity of redemption. The tax purchaser is the owner of a "perfect title," subject to the right of redemption. Hence, during the period allowed for redemption, the title of the tax purchaser is admittedly inchoate. Accordingly, in *Pool* v. *Ellis,* it was held that rents and profits during the period allowed for redemption belonged to the delinquent owner.

*Eureka Lbr. Co.* v. *Terrell,* 48 So. 628, is absolutely decisive of this fact that after the period allowed for redemption has expired, then the title of the tax purchaser becomes perfect, and that the title to the trees on the land vests in this purchaser as of the day of the sale for taxes. Hence, the tax purchaser can maintain a suit for the value of the trees after the redemption period has expired, although the trees are cut during the period allowed for redemption. In other words, where the original owner has failed to exercise the right of redemption, the tax purchaser after the expiration of the period allowed for redemption gets title to the land and trees as of the day of the sale. Nothing can be plainer than this.

We think the falsity of opposing counsel's reasoning as to "owner" grows out of the fact that opposing counsel tries to determine the status of the parties *during* the period allowed for redemption. The suit here involves the status of the parties *after* the expiration of the period allowed for redemption. If this distinction is kept in

mind, then the Pool case and the Terrell case can readily be harmonized. In fact, all the authorities cited by opposing counsel harmonize immediately with the Terrell case.

III. The appellant shows title. Appellees insist that appellant cannot recover because appellant must show actual possession, or such title as drew to her constructive possession. They cite *Darrill* v. *Dodds,* 78 Miss. 912, 30 So. 4. This case does not so hold. It simply holds that actual possession or title is necessary. See the opinion.

Opposing counsel contend, as we understand it, that it was incumbent upon Mrs. Murphy to show such a title as would draw to her constructive possession and that without this her action must fail. This is not the law. *Miller* v. *Wesson,* 58 Miss. 831.

From the foregoing case it is apparent that possession on the part of the defendant who cuts the trees is not a defense where title is in the plaintiff. Under the statute it was held in the Miller case that a disseizee can maintain the action for the statutory penalty, and was not shut off by the general law to the contrary. Hence, the general rule does not apply. In an action of debt under the statute, title in the plaintiff is sufficient regardless of possession.

IV. The action of waste is utterly foreign to the questions involved. In an action of waste in Mississippi treble damages would be recoverable. 27 R. C. L., section 44, page 1050.; *Moss Point Lbr. Co.* v. *Board of Sup'rs of Harrison County,* 89 Miss. 448, 42 So. 290.

The Howze case and the Terrell case cannot be accounted for by the doctrine of waste. These cases arose after the expiration of the period for redemption. We submit that the recovery by the plaintiff in each of these cases was predicated upon plaintiff's title. The plaintiff after the expiration of the two years allowed for redemption certainly has a perfect title under the express ver-

Sept., 1926]  Murphy v. Seward.   723

145 Miss.]     Opinion of the Court.

biage of section 6966, Hemingway's Code (section 4332; Code of 1906). *Bond* v. *Griffin,* 74 Miss. 599, cited by opposing counsel, is remarkably favorable to our contention and not that of appellees.

Argued orally by *V. B. Montgomery* and *E. O. Sykes,* for appellant, and *J. G. Holmes,* for appellees.

Cook, J., delivered the opinion of the court.

The appellant, Mrs. C. W. Murphy, instituted this suit against Mrs. J. C. Seward and her husband, D. Seward seeking to recover damages for the cutting of trees from all of section 10, township 15, range 4 west, in Humphreys county.

The declaration is in two counts, the first count being for the statutory penalty of fifteen dollars per tree. This count specifically alleges that the plaintiff is the owner of the land in question, and that within twelve months of the filing of the suit, the defendants, without her knowledge or consent, willfully, intentionally, and knowingly entered upon these lands and cut and removed the trees. The second count is for the actual value of the trees cut and removed.

The defendants pleaded the general issue to the declaration, and, at the conclusion of the testimony, the court instructed the jury peremptorily to return a verdict in favor of the plaintiff for the actual value of the trees cut. Upon this issue, the jury returned a verdict for seven hundred dollars as the actual value of the trees cut, and both sides appear to be satisfied with this finding.

The plaintiff requested that the jury be peremptorily instructed to return a verdict in her favor for the statutory penalty of fifteen dollars per tree. The court refused this instruction and declined to submit to the jury the question of the recovery of the statutory penalty, but granted an instruction in favor of the defendants, deny-

ing the right of the plaintiff to recover the penalty under the facts in evidence. On appeal the plaintiff complains of the action of the trial court, first, in refusing a peremptory instruction to the jury to find in her favor for the statutory penalty, and, second, in refusing to the plaintiff a requested instruction submitting to the jury the question of plaintiff's right to recover the statutory penalty, and the sole question presented for decision is, whether, under the facts in evidence, the appellant is entitled to recover this penalty.

The material facts shown by this record are substanially as follows:

The land, on which the trees in question were located, was sold to the appellee Mrs. J. C. Seward on May 1, 1922, for the taxes for the fiscal year 1921, and, after the two-year period for redemption had expired, the tax deed was delivered to her and was filed for record on May 15, 1924. The appellee Mrs. Seward failed to pay the taxes on this land for the year 1922, and on April 2, 1923, it was sold by the tax collector to the appellant. The appellant failed to pay the taxes for the year 1923, and on June 2, 1924, the land was again sold by the tax collector to P. H. Murphy, husband of Mrs. C. W. Murphy. After the period for redemption from the tax sale to Mrs. C. W. Murphy had expired, and on April 10, 1925, P. H. Murphy conveyed to the appellant all the interest he had acquired in the lands under and by virtue of the tax sale of June 2, 1924. The regularity and legality of all these tax sales are admitted.

Shortly after the appellee Mrs. Seward received her tax deed to this land, acting through her husband as her agent, she began cutting the trees on this section of land, and within a few months, according to the testimony, she cut and removed seven hundred four trees of the class for which the statutory penalty may be recovered.

D. Seward, the husband and agent of Mrs. J. C. Seward, the owner of the land under and by virtue of the tax sale of May 1, 1922, testified that the land was pur-

chased for his wife through Mr. V. B. Montgomery, one of the attorneys for the appellant in the present case, who assured him that there were no irregularities about the tax sale or title; that he had never seen the land until after Mrs. Seward received her deed, and did not know whether or not it was timbered; that after the delivery of the tax deed he, as Mrs. Seward's agent, went on the land and took possession of it for the purpose of clearing it up; that he examined the timber with a view of moving it to get it out of the way at the least expense; that the timber was of poor quality, and he first undertook to sell it, offering it as low as one dollar and fifty cents per thousand feet, and that he was unable to get a buyer at that price, and, in fact, could not sell it at any price; that having failed to sell the standing timber, he undertook to cut and market it himself; that he began cutting the timber early in June, 1924, and continued to cut until August 13, 1924; and that he had this timber sawed into lumber at a nearby sawmill.

He further testified that, when he cut this timber, he fully and in good faith intended and expected to redeem the land from the tax sale of 1923 and 1924, before the periods for redemption expired, and thereafter devote the land to agricultural purposes or attempt to sell it; that in marketing the timber, however, he actually suffered a loss of four hundred seventeen dollars, not including the purchase price of the land at the tax sale, and, in addition thereto, the state revenue agent undertook to enforce a back tax assessment of two thousand dollars for timber on the land; that, on account of their losses on the land and the large amount of taxes then assessed against the land, they decided not to put further money into the venture, and thereupon abandoned the land and their intention to redeem the same.

The appellant asserts her claim to the statutory penalty by virtue of the tax title which she acquired at the sale made to her on April 2, 1923, and under section 4332, Code of 1906 (section 6966, Hemingway's Code), which

prescribes the form of conveyance to be executed by the tax collector, and which provides that such conveyance "shall vest in the purchaser a perfect title to the land sold for taxes, subject to the right of redemption," the section under which her action is brought being chapter 167 of the Laws of 1924, which reads as follows:

"If any person shall cut down, deaden, destroy or take away, if already cut or fallen, any cypress, white oak, black oak, or other oak, pine, poplar, black walnut, cherry, pecan, hickory, chestnut, birch, ash, holly, gum, persimmon, or beach tree, on land not his own, without the consent of the owner, he shall pay to the owner of the tree or trees, as a penalty, fifteen dollars for every such tree so cut down, deadened, destroyed or taken away; and for every other tree not herein described so cut down, deadened, destroyed, or taken away, the sum of five dollars shall be paid as a penalty. And in addition to the penalty to be paid as herein provided, he shall pay to the owner of such tree or trees the actual value of such tree or trees so cut down, deadened, destroyed or taken away; and for such actual damages and for such penalty the owner may recover in the same suit."

Under the law as it existed prior to the enactment of this statute, this court had held that there could not be a recovery of both the penalty and actual damages, but the one was exclusive of the other, and the only material change made by this statute, which amended section 4977, Code of 1906 (section 3246, Hemingway's Code), is to provide for the recovery of both the statutory penalty and actual damages, or the value of the trees, in the same suit. In so far as the statutory penalty is concerned, this statute is highly penal and must be strictly construed. It does not change the law in any respect as to those things which are necessary to be shown to support an action for this penalty. The elements of willfulness, recklessness, or gross negligence, which have always been necessary to support an action for the penalty must still be shown, and the same legal principles which controlled the recov-

ery of the statutory penalty before the enactment of chapter 167, Laws of 1924, are still controlling and are applicable to the case at bar.

While section 4332, Code of 1906 (section 6966, Hemingway's Code), provides that a tax collector's conveyance "shall vest in the purchaser a perfect title to the land sold for taxes, subject to the right of redemption," this conveyance is not delivered to the purchaser until the expiration of the period of redemption, and during the interim the purchaser has none of the rights of true ownership. He has no right to the possession and enjoyment of the estate, and, if he enters upon the land without the consent of the delinquent owner, he is a trespasser. In the case of *Pool* v. *Ellis,* 64 Miss. 555, 1 So. 725, it was held that:

"Until the lapse of the time in which the owner is permitted to redeem, the title of the purchaser is inchoate, and does not carry with it the right to the possession of the land as against the owner."

This being true, there arises the interesting question, and one not free from doubt, as to whether, after the period of redemption has expired, the purchaser of land at a tax sale may, in any event, maintain an action against the delinquent owner for the statutory penalty for a trespass committed before the expiration of the period of redemption, and while such delinquent owner was rightfully in possession of the land, but it is not necessary to decide that question in disposing of the case at bar.

A delinquent owner of lands sold for taxes, who cuts timber thereon, having at the time the right and the *bona-fide* intention and purpose to redeem the land from such tax sale before the period for redemption expires, is not guilty of such a willful trespass as will subject him to the penalty provided by this statute. We do not think there is any direct testimony or circumstances in this record that disputes the positive testimony that the appellees went upon the land in the honest belief that Mrs. Seward was the owner thereof, and that they had the

*bona-fide* intention and purpose of redeeming the land from subsequent tax sales at the time they cut the trees. As circumstances tending to dispute the testimony of Seward as to his intention to redeem the land and sell the same or devote it to agricultural purposes, the appellant stresses the fact that the appellees shipped away the lumber derived from these trees and did not use any of it in the construction of cabins on the land, and the further fact that they afterwards conveyed the land for a consideration of one dollar. These facts are not inconsistent with the testimony that, after they cut the trees and before the expiration of the period for redemption, on account of changed conditions, they decided not to redeem the land but to abandon it. The good faith of the delinquent owners of the land being shown by the testimony without conflict, we think the court below was correct in granting the peremptory instruction in their favor on the count for the statutory penalty, and the judgment of the court below will therefore be affirmed.

*Affirmed.*