[Civil No. 3136.   Filed March 30, 1932.]

[9 Pac. (2d) 402.]

FLORENCE TREVILLIAN, Appellant, v. JOSEPH W. RAIS and REGINA RAIS, His Wife, Appellees.

Mr. Graham Foster, for Appellant.

Mr. D. E. Reinhardt, for Appellees.

ROSS, J.—This suit, in form an action to quiet title, involves a dispute as to the location of the division line between lot owners Trevillian and Rais.

The plaintiff and the defendants deraign title by regular chains from F. L. Toombs and wife and H. H. Bru and wife, or the same common source. The plaintiff's lot is described in the deeds of conveyance, the first in the chain being dated October 14, 1905, as follows:

"Beginning at a point on the southeast corner of Block No. thirty-seven (37), thence westerly along the north side of Cedar Street Fifty (50) feet; thence northerly parallel to High Street one hundred (100) feet; thence easterly parallel to Cedar Street fifty (50) feet; thence southerly parallel to High Street one hundred (100) feet to point of beginning, being a portion of block No. 37, according to the official map of said Townsite of Globe, now on file in the office of the Probate Judge in said Gila County."

And defendants' lot is described in deeds of conveyance, the first in the chain being dated June 30, 1905, as follows:

"Beginning at a point on the north line of Cedar Street and fifty (50) feet westerly from the southeast corner of Block numbered Thirty-Seven; thence westerly along Cedar Street fifty (50) feet; thence northerly parallel to High Street one hundred (100) feet; thence easterly parallel to Cedar Street fifty (50) feet; thence southerly parallel to High Street (100) feet to the place of beginning, according to the

official map of said Globe Townsite, now on file in the office of the Probate Judge of said Gila County.''

These two lots, it is seen, adjoin each other and are on the southeast corner of block thirty-seven. It is undisputed that from 1906 there has been a fence between the two lots which has been recognized and maintained by the owners of lots as the division line. The only dispute is as to who constructed the fence. Plaintiff's testimony is to the effect that immediately after her predecessor in interest purchased her lot, in October, 1905, she started to build a residence on the lot and finished said building in the spring of 1906, at which time she constructed the division fence between the lots on a line pointed out to her by the grantors of both lots. The defendants bought their lot from Lois Parks and W. H. Parks, successors of Toombs et al., on March 23, 1925, and the evidence on their behalf is that the Parks had owned such lot from about 1908 and had built the division fence in question in 1913 or 1914, the fence theretofore existing having been taken down. Defendant J. W. Rais testifying stated that he thought the fence was on the true division line at the time he purchased the lot.

On February 22, 1930, E. T. Stewart surveyed the Rais property and, according to his survey, the line fence that had marked the division between the two lots was some two feet over on the Rais property. After defendants learned this, they tore the fence down and have since asserted ownership up to the line located by Stewart.

The plaintiff had a fence on the east line of her lot and the frontage of the lot from the fence on the east line and the fence on the west line is fifty-two feet.

The case was tried by the court without a jury and resulted in a verdict and judgment against the plaintiff. She has appealed and assigns as reason there-

for that the judgment was not supported by the evidence.

Taking it for granted that the survey shows that the true division line was two feet east of where it was located, the question is: Can defendants, after they and their grantors have consented to and acquiesced in the location as originally made for a period of twenty-five years by actively helping to construct and maintain the fence, now have it relocated according to the survey? Under the evidence, there is no question but that plaintiff's predecessor in interest, who first located and built the division fence, built it where she did with the intention of claiming and asserting title to the ground it inclosed, under the belief that it was hers. Such intention has been manifested ever since, not only by plaintiff, but by her predecessors. That the fence marked the true division line has not been questioned by the previous owners of defendants' lot and defendants bought the lot believing the fence the correct division line and recognized it as such for several years. The law applicable to such a situation we believe to be as follows:

"Where a person, acting under a mistake as to the true boundary line between his land and that of another, takes possession of land of another believing it to be his own, up to a mistaken line, claims title to it and so holds, the holding is adverse and, if continued for the requisite period, will give title by adverse possession. And the fact that on taking possession he had no intention of taking what did not belong to him, or claimed that he had no desire or intention to take any land belonging to the adjoining owner, or that he would have surrendered possession if he had known that the land in dispute was not within the calls of his deed, or that the owner of the record title was ignorant of the location of the true boundary line or of the fact that the land was his, or supposed that the adverse occupant intended to claim only what he actually owned, or the fact that both owners were mistaken as to the true boundary line, does not affect

the operation of the rule. . . . In all cases the intention and not the mistake is the test by which the character of the possession is determined, it being *prima facie* sufficient that actual, visible, and exclusive possession is taken under a claim of right without reference to the fact that the possession was based on mistake." 2 C. J. 141, § 245.

We think the ten-year statute of limitations without question applies to the facts in this case. Section 2051, Rev. Code 1928. The possession of plaintiff and her predecessors in interest was peaceable and adverse. She and they, during a period of twenty-five years, have been cultivating, using and enjoying the disputed ground continuously and without interruption. Their possession has been an actual and visible appropriation of the land under claim of right inconsistent with and hostile to the claim of all others.

The judgment is reversed and the cause remanded, with directions that judgment be entered for the plaintiff quieting her title.

McALISTER, C. J., and LOCKWOOD, J., concur.