MARY ANN NELSON, COMPLAINANT–RESPONDENT, v. ALICE NAUMOWICZ, DEFENDANT–APPELLANT, AND JOHN McNEVIN, TAX COLLECTOR OF THE BOROUGH OF UNION BEACH, DEFENDANT.

Argued December 6, 1948—Decided January 10, 1949.

*Mr. Edward J. Abromson* argued the cause for complainant-respondent.

*Miss Lillian Clawans* argued the cause for defendant-appellant.

The opinion of the court was delivered by

CASE, J.  Mary Ann Nelson, owner, filed her bill to redeem from a tax sale certificate formerly held by the Borough of Union Beach and now, under assignment, by appellant, Alice Naumowicz.  The issue was whether the latter was entitled, as an incident to the redemption, to be reimbursed the costs of certain repairs and improvements made by her to the building on the premises.  Chancery decreed that she was not; and the appeal is from that decree.

Appellant argues two points; first, that the municipality would have been entitled to recover for like items and that therefore she, the assignee, is entitled; second, that the owner should be compelled to make reimbursement under the maxim "He who seeks equity must do equity".

The conclusion in the first point does not follow from the premise even if that premise were soundly stated.  Rights and liabilities under tax sale proceedings rest upon the statute, *Absecon Land Co. v. Keernes,* 101 *N. J. Eq.* 227, 231 *(E. & A.* 1927),* and, particularly as to the owner's right of redemption against private persons holding tax sale certificates, upon the law in force at the time of sale; *Rodgers v. Cressman,* 98 *N. J. Eq.* 209 *(Ch.,* 1925), *Harrington Co. v. Jones,* 104 *N. J. Eq.* 377 *(Ch.,* 1929), affirmed on the opinion below 106 *N. J. Eq.* 280 *(E. & A.,* 1929).  It was clearly demonstrated in *Forster v. Davenport,* 128 *N. J. Eq.* 385 *(Ch.,* 1940), that after 1929 (the

sale *sub judice* was in 1931) the statute did not confer a right of possession upon the individual holder of a tax sale certificate.

■■ Mrs. Naumowicz knew that her tax sale certificate did not carry the incidents of ownership and that she should proceed by bill to foreclose the owner's right of redemption. So thoroughly did she understand that legal fact that she engaged an attorney to institute proceedings and paid him a retainer to that end; but she professes not to know what happened to the suit. Nevertheless she went on to make disbursements, many of them for capital improvements for which she would not have been awarded reimbursement even had she been in lawful possession. It is the essence of appellant's argument under her second point that she assumed, and was justified in assuming, from the attitude of the owner that the latter had abandoned the premises; but assuming this to be the fact, such an abandonment gave no rights to the appellant. Under the tax act, *R. S.* 54:5–54, the owner had the right to redeem within two years of the date of sale or at any time thereafter until the right to redeem had been cut off by the statutory foreclosure. There was no foreclosure, and the owner is asserting her right. Statutory provisions for the redemption of land from tax sales are to be construed liberally. *Ruddy v. Woodbridge,* 47 *N. J. L.* 142 *(E. & A., 1885).* The case does not justify the application of the cited equitable maxim.

The decree below will be affirmed; with costs.

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For reversal:* None.