8 N.J. Super. 114 (1950)
73 A.2d 612
MANOR REAL ESTATE AND TRUST COMPANY, PLAINTIFF-APPELLANT,
v.
CITY OF LINDEN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1950.
Decided May 24, 1950.
*116 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Stephen V.R. Strong argued the cause for appellant (Messrs. Strong & Strong, attorneys).
Mr. Lewis Winetsky argued the cause for respondent.
The opinion of the court was delivered by COLIE, J.A.D.
Plaintiff appeals from a judgment in favor of defendant entered in the Chancery Division of the Superior Court.
In 1932 and 1933 there were issued to the City of Linden two tax sale certificates covering Lots 15-3 and 15-4 in Block 347-F on the tax map of said municipality. Taxes continued to be assessed against the lots until, in 1947, the accumulation with interest amounted to $894.47. In that year one David T. Houston, acting as agent for the plaintiff, purchased from defendant assignments of the two tax sale certificates, paying for them $894.47. Subsequently the plaintiff learned that the properties had long since been sold by the former owners to the State of New Jersey. The title being in the State, the land was tax exempt but had been taxed in error. Realizing that the assignments were valueless, plaintiff sought to recover the sum paid by suit. The pretrial order limited the grounds upon which the suit was predicated to equitable fraud, mutual mistake of fact and breach of implied warranty.
At the conclusion of the plaintiff's evidence, the court granted defendant's motion to dismiss the complaint. As to the allegation of fraud there was not a scintilla of proof. There was neither a mutual mistake of fact nor a breach of an implied warranty, merely a failure to appreciate the legal effect of the assignments. The general rule is that the holder of a tax certificate may not be reimbursed by the taxing authority in the absence of statute giving that right. In Casselbury *117 v. Piscataway, 43 N.J.L. 353 (Sup. Ct. 1881), it was held in a case in which there was illegality in the method of procedure that the municipality was under no obligation to refund the purchase money because the tax title failed. In Tooker v. Roe, 44 N.J.L. 591 (Sup. Ct. 1882), a case in all essentials comparable to the present one, the court said: "`Purchasers frequently accept deeds by which no title is conveyed, under a misapprehension of the law. When there is no mistake or misrepresentation as to the facts, and no fraud and no warranty of title, they have no redress at law or in equity.'"
Rights and liabilities under tax sale proceedings rest upon the statute. Nelson v. Naumowicz, 1 N.J. 300 (Sup. Ct. 1949). The plaintiff misconceives the nature of the assignments which it purchased. The instruments purported to assign just what the municipality bought in 1932 and 1933 and no more. We think the language in Cook v. Weigley, 67 N.J. Eq. 716, at 721 (E. & A. 1904), as there applied to a deed with no covenant of title is applicable to the assignments in this case. We quote: "the purchaser, who has received no covenants which cover a defect or encumbrance, can neither retain the purchase-money nor recover it back if already paid. Unless there has been fraud, he is absolutely without relief against his vendor, either at law or in equity. Rawle Cov. Tit. 607.
"The rule in such instance is caveat emptor, and the vendee has no remedy for failure of title, except such as may be provided for by covenants in the conveyance. Phillips and Sheddon v. City of Hudson, 31 N.J. Law (2 Vr.) 143; Slocum v. Seymour, 36 N.J. Law (7 Vr.) 138-141. Where there is no mistake or misrepresentation as to facts, and no fraud and no warranty of title, the purchaser has no redress at law or in equity. Hampton v. Nicholson et al., 23 N.J. Eq. (8 C.E. Gr.) 423-427." For cases in other jurisdictions see 77 A.L.R. 824.
We have considered the other grounds briefed and argued and find them without merit.
Judgment affirmed.