11 N.J. Super. 352 (1951)
78 A.2d 313
LEO COLEMAN, ADMINISTRATOR OF THE ESTATE OF RUTH ELLEN COLEMAN DIJOLES, PLAINTIFF,
v.
HARRY SWEENEY, ET UX., ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 10, 1951.
*353 Mr. William Hermann, attorney for the plaintiff.
Mr. Edward W. Eichmann, attorney for the defendants.
Mr. Theodore D. Parsons, Attorney General of the State of New Jersey.
HANEMAN, J.S.C.
This is a suit for the foreclosure of a tax sale certificate.
Fred Coleman, plaintiff's father, purchased the tax sale certificate from the Borough of Lawnside, New Jersey, on March 1, 1940. Shortly thereafter he took possession of the premises covered by the tax sale certificate and performed certain repairs and alterations thereon.
On November 18, 1940, Fred Coleman died, bequeathing the aforementioned tax sale certificate to Lulu V. Hughes, in trust for his daughter, Ruth Ellen Coleman, until said daughter reached the age of 18 years. Ruth Ellen Coleman (Dijoles) was of age on the date of the death of her father. She died on January 10, 1949, a resident of Philadelphia, Pennsylvania, and the plaintiff Leo Coleman, her brother, was appointed administrator of her estate.
At the time originally set for trial, one Sarah Sweeney and Frances N. Thompson, widow and daughter, respectively, of Peter Albert Sweeney, who was one of the principal devisees of Roger Sweeney, answered and appeared for trial. Thereafter, the matter was continued by consent and leave was given to counsel for Sarah Sweeney and Frances N. Thompson *354 to attempt to locate the other devisees of Roger Sweeney. The answering defendants are all of the devisees or the heirs of the devisees of Roger Sweeney, in whose name the rcord title in fee simple to the premises is vested.
The plaintiff seeks to add to the amount which the statute (R.S. 54:5-58) allows him to collect upon a redemption, the cost of improvements and repairs made to the premises by Fred Coleman.
The defendants desire to redeem for such sum as the court shall find due under R.S. 54:5-58, with the allowance of a credit to the extent of the reasonable rental value of the premises during the occupancy and possession of Fred Coleman, Ruth Dijoles and plaintiff, or the actual rents collected by said parties, whichever is found to be greater. The defendants seek to establish the reasonable rental value of the premises in the condition in which Fred Coleman put them and not in the condition in which he found them.
The rights of the respective parties in connection with the foregoing demands are the sole questions here involved. In connection with this matter I find the following facts. The improvements on the realty consisted of a two-story house in need of repair. It had been unoccupied for some time prior to the occupancy of Fred Coleman. The house required painting both inside and outside. The paper on the interior was in bad condition. There were no inside toilets or bathrooms, no well, no electricity, no hot water heater and no furnace. The roof leaked. I find that the said Fred Coleman, who was a building contractor, installed a bathroom, a toilet, electricity, a well, a furnace, a bucket-a-day stove for furnishing continuous hot water, and a new kitchen sink. He as well built a new cesspool, painted the entire house inside and outside, papered the interior of the house and replaced a number of rotted timbers.
There is no doubt that Fred Coleman, as the holder of the tax sale certificate, obtained no possessory right and his entrance into possession amounted to a trespass. Plaintiff is therefore not entitled to recover for any expenditures for repairs or improvements. Diamonde v. Township of Berkeley, *355 142 N.J. Eq. 140, 59 A.2d 617 (Ch. 1948); Forster v. Davenport, 128 N.J. Eq. 385, 16 A.2d 614 (Ch. 1940); Nelson v. Naumowicz, 1 N.J. 300, 63 A.2d 269 (1949).
The remaining question here involved is the amount of allowance which should be made to the defendants for the use and occupation of the premises by the said Fred Coleman or his successors.
The allowance demanded by the defendants is akin to a common law action for mesne profits. The purpose and basis of damages in such suits was the compensation of the plaintiff. Ordinarily such compensation was the fair and reasonable rental value of the land.
R.S. 2:51-48, however, provides as follows:
"The plaintiff may recover of the defendant as damages, in his action for mesne profits, the full value of the use and occupation of the premises for the time, not exceeding six years before the commencement of the action, the defendant was in possession thereof, which damages shall not include the value of the use of improvements made by defendant."
Were this an action for mesne profits, then the defendants here (as plaintiffs in such action) would not be entitled to the value of the use and occupation of the improvements.
The common law right to recovery in cases of suits for mesne profits has been restricted as above set forth. American Can Co. v. Dornoil Products Co., 126 N.J.L. 345, 19 A.2d 646 (E. & A. 1941).
The facts are consistent with the conclusion that Fred Coleman unknowingly trespassed upon the premises. There was nothing willful or deliberate in his conduct.
There are here absent any of the factual elements which would give rise to a recovery in excess of compensatory damages. Nonetheless, it is plaintiff's misfortune that under the law he cannot recover for the value of the improvements, the cost of which, having in mind the nature of the original improvement, was substantial.
In this posture of the case, the defendants, who had neglected the property, who to all intents and purposes, did not *356 even know they owned said property, seek not only to reap the benefit of the money expended upon the premises by Fred Coleman, but seek as well to obtain the benefit of the increased revenue resulting from the improvements made by him.
Both of the two ancient equitable maxims  "Equity follows the law," and "He who seeks equity must do equity," bar defendants from obtaining the relief demanded. I will, however, allow the reasonable value of the use and occupation of the premises, in the condition in which Fred Coleman found them, for the six years preceding the filing of the counterclaim seeking credit for the rental value as an offset against the monies to which plaintiff is entitled under the statute. See also 28 C.J.S., p. 1036; 19 C.J., p. 1242; Hodgkins v. Price, 141 Mass. 162, 5 N.E. 502 (Mass. Sup. Ct. 1886).
The testimony as to the rental value of the premises, sans the improvements made by Fred Coleman, is highly unsatisfactory and sketchy. Defendants quite patently intended to rely upon the rental value of the property with the improvements. I, however, set the reasonable value at $30 per month, which for the above referred to period, I direct should be a credit on account of the amount required to redeem. If the parties are not satisfied with this figure, in spite of the fact that they have had three "bites of the apple" by continuances caused by their own conduct, I will set a short day for the taking of testimony for the sole purpose of establishing such value.
Judgment consistent with the foregoing will be entered.