331 P.2d 257

**GUNTHER & SHIRLEY COMPANY, a corporation, Appellant,**

v.

**The PRESBYTERY OF LOS ANGELES, a religious corporation; and The First Presbyterian Church of Yuma, Inc., a corporation, Appellees.**

**No. 6515.**

. Supreme Court of Arizona.

Nov. 5, 1958.

Rolle, Jones, Pace, Miller & Perkins, Yuma, for appellant.

Westover, Mansfield, Westover & Copple, and A. J. Eddy, Yuma, for appellees.

JOHNSON, Justice.

The Gunther & Shirley Company, a corporation, hereinafter referred to as appellant, instituted an action to quiet title to a fifteen-acre parcel of land lying in the approximate middle of its extensive holdings, basing its action on A.R.S. § 12–526, which provides as follows:

"A. A person who has a cause of action for recovery of any lands, tenements or hereditaments from a person having peaceable and adverse possession thereof, cultivating, using and enjoying such property, shall commence an action therefor within ten years after the cause of action accrues, and not afterward."

The appellant, acting through its agent, John L. Morrish, purchased from the Yuma county treasurer a treasurer's certificate of tax sale in 1942, covering the fifteen acres involved, which was assessed to and owned by the appellee, The Presbytery of Los Angeles. The certificate was issued in the name of Morrish and thereafter delivered to appellant, and was later lost. The appellant never applied for a duplicate certificate as permitted by A.R.S. § 42–399, nor was the certificate ever presented to the county treasurer to have the payment of subsequent taxes endorsed thereon as permitted by A.R.S. § 42–400. Neither did the appellant apply for a tax deed at the expiration of five years or sue to foreclose the right to redemption as provided under our tax statute.

Appellant entered upon the land in the fall of 1943, and at that time the land

**58**

was heavily covered with mesquite trees and other desert growth, which it cleared and levelled. The appellant has held possession of the land and has grown and harvested crops thereon continuously since that date, and has paid all state and county taxes, as well as irrigation district assessments, from 1943 to 1953.

The trial court found that all of the elements of adverse possession were established under A.R.S. § 12–526 and paragraphs 1 and 2 of subsection A of § 12–521, except for that of the character of the appellant's entry into possession. It found that the appellant intended to hold adversely and hostilely to all others, including the appellee, and also that the entry upon the parcel was under and in reliance upon the appellant's tax sale certificate.

The trial court concluded that an entry under such a certificate must necessarily be in subordination to and consistent with the owner's title and his statutory right to redeem and thus, as a matter of law, negating adverse possession. The trial court for that reason entered judgment in favor of appellee, and after a motion for a new trial was denied this appeal followed.

The question presented is whether one who enters and takes possession of another's property under and in reliance upon a certificate of tax sale can initiate adverse possession under A.R.S. § 12–526, supra.

The basic requisite of adverse possession is that a cause of action accrue against a disseisor in order that the statute of limitation may begin to run. The provisions of A.R.S. § 42–451 allow the purchaser of a tax sale certificate, if there has been no redemption, to bring suit to foreclose the right to redeem from the sale after three years, or under A.R.S. § 42–455, to apply for a treasurer's deed to the property after five years from the date of sale. The owner of the land retains his right to redeem up until the entry of judgment of foreclosure or the date specified in the notice of application for a treasurer's deed.

The statutes of Arizona upon the subject of tax sales contain no provision with reference to the right of possession during the period of redemption, and a purchaser of a tax sale certificate, who has a lien only, does not have the right to possession of the land, but the owner of the land retains the right to possession. Little Red River Levee Dist. No. 2 v. Thomas, 154 Ark. 328, 242 S.W. 552; Diamonde v. Berkeley Tp., 142 N.J.Eq. 140, 59 A.2d 617; Nelson v. Naumowicz, 1 N.J. 300, 63 A.2d 269. A tax sale certificate is only evidence which entitles the holder to a deed upon the happening of certain conditions, and it does not entitle the owner of such certificate to possession of the

premises, Hastings v. Montgomery, 142 Okl. 47, 285 P. 89; Tomlinson v. Tyler, 191 Okl. 518, 131 P.2d 98; the holder of a tax title has no right to possession until expiration of the redemption period and if he enters without the owner's consent, he is a trespasser, Murphy v. Seward, 145 Miss. 713, 110 So. 790; in the absence of a statute the purchaser at a valid tax sale is not entitled to possession until he obtains his tax deed, Abates v. Timbes, 214 Ala. 591, 108 So. 534; Brewer v. Fletcher, 210 Ark. 110, 194 S.W.2d 668; 51 Am. Jur., Taxation, § 1070; 85 C.J.S. Taxation § 902. Thus one who does enter upon the land under a tax sale certificate is a trespasser and a cause of action against him then accrues. Anderson v. Mace, 99 Mont. 421, 45 P.2d 771; Parsons v. Viets, 96 Mo. 408, 9 S.W. 908. Possession is hostile if the purchaser at the tax sale lacked the legal right to possess the property prior to the expiration of the redemption period, Feinstein v. McGuire, Mo., 297 S.W.2d 513; Murphy v. Seward, supra; Morvay v. Gressman, 29 N.J.Super. 508, 103 A.2d 22; Coleman v. Sweeney, 11 N.J.Super. 352, 78 A.2d 313; 85 C.J.S. Taxation § 904.

A.R.S. § 12–521, subsection A, paragraph 1, defines adverse possession as

" * * * an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

The claim of right required here is nothing more than the intention of the one wrongfully going into possession to appropriate and use the land as his own to the exclusion of all others, irrespective of any semblance or shadow of actual title or right. Rupley v. Fraser, 132 Minn. 311, 156 N.W. 350; Bessler v. Powder River Gold Dredging Co., 95 Or. 271, 185 P. 753, 187 P. 621.

The trial court found that appellant's entry and possession were intended by it to be hostile and inconsistent with the claims of all others, including the appellee. Appellant may have been mistaken as to its rights under the certificate, but " 'the intention and not the mistake is the test by which the character of the possession is determined, * * *.' " Trevillian v. Rais, 40 Ariz. 42, 9 P.2d 402, 403. Thus the appellant, a trespasser, did appropriate and hold the land under a claim of right, openly, peaceably, hostilely and continuously for a period of more than ten years.

Therefore, we hold that the appellant, wrongfully entering upon the land under its tax sale certificate, did acquire title as an adverse possessor.

Judgment reversed and ordered that judgment be entered in accordance with prayer of appellant's complaint.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.