617 P.2d 17

**William R. WEBER, a single man, Appellant,**

v.

**ROOSEVELT WATER CONSERVATION DISTRICT, COUNTY OF MARICOPA and 10 John Doe, 10 Mary Roe, 10 ABC Corporation, Appellees.**

No. 14684.

Supreme Court of Arizona, In Division.

Sept. 3, 1980.

Glynn W. Gilcrease, Jr., Tempe, for appellant.

Corbet & Eagleburger by G. Gregory Eagleburger, Phoenix, for appellees.

HOLOHAN, Vice Chief Justice.

William R. Weber, appellant, brings this appeal to set aside a judgment in favor of the Roosevelt Water Conservation District, quieting title in the District to a portion of land claimed by appellant. We assumed

jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure.

The evidence discloses that the appellant's predecessors in interest acquired the quarter section containing appellant's land in 1926. The land was subject to an easement for county road purposes over the west 33 feet of the quarter section. In 1928, the owners of the quarter section by written deed, granted the Roosevelt Water Conservation District a 10–foot right of way for a lateral irrigation ditch which was to be located parallel to and immediately east of plaintiff's west boundary.

The District constructed the irrigation ditch in 1931 but it placed the ditch, not immediately east of the west boundary, but some 20 feet east of the west boundary. The District, soon after 1931 and before 1940, graded a dirt roadway 10 to 11 feet in width immediately adjacent to and east of the ditch.

The District has used the irrigation ditch to deliver water since its construction in 1931. The roadway east of the ditch was gradually built up several feet above the farm land by placing dirt on it in the process of dredging the canal. This road was also regularly used by the District's vehicles to spray the area for weed control and for inspection of the ditch for washouts and blockage.

Appellant Weber, purchased a portion of the original quarter section in 1970. His parcel was in the northwest corner of the quarter section with Lindsey Road forming the west boundary and Pecos Road the north boundary. The irrigation ditch and roadway lie along the western boundary of appellant's parcel. When appellant took possession of his land, he erected posts across the roadway east of the ditch, and he stretched and locked a chain across the roadway.

Appellant testified he was asked by a District employee for permission to use the roadway in 1971, but permission was denied. The employee denied such a conversation. The evidence shows that the District continued to use the road with no further communications with appellant un-til 1975. Weber met with representatives of the District to complain that they were on his property. The District claimed that it had an easement.

In May of 1976, the District asked appellant to sign a paper giving it permission to use the road. Again appellant refused, and in October 1976, the appellant sued the District for trespass and to quiet title. The District counterclaimed for title to the road or for an easement.

The case was tried, and the trial court granted a motion for a directed verdict in favor of the District. Judgment was entered granting the District fee title by adverse possession to the irrigation ditch and the existing roadway east of the ditch, subject to the county's easement for roadway purposes. This appeal followed.

■ The trial court is authorized to direct a verdict in favor of one party only where no evidence has been introduced which would justify a reasonable man in returning a verdict in favor of the other party. *Durham v. Firestone Tire & Rubber Co.*, 47 Ariz. 280, 291, 55 P.2d 648 (1936). *Adroit Supply Co. v. Electric Mutual Liability Ins. Co.*, 112 Ariz. 385, 388, 542 P.2d 810 (1975).

The evidence shows that the District has for nearly fifty years used the ditch in question for the delivery of water for irrigation. The roadway adjacent to the ditch has been used as a roadway in connection with the ditch for a period nearly as long as that for the ditch. The appellant does not seriously challenge the evidence on this point. Appellant's main point is that the trial court was in error in granting the District title to the land occupied by the ditch and roadway.

■ Since the District placed the ditch in the wrong location from that granted in the 1928 deed, the District must rely for its claim of right on the principles of adverse possession. It is no defense to the claim of adverse possession that the District was mistaken in its claim of right to the land. This court has held that the claim of right is

nothing more than the intention of the one wrongfully going into possession to appropriate and use the land as his own to the exclusion of all others irrespective of any semblance or shadow of actual title or right. *Gunther & Shirley Co. v. Presbytery of Los Angeles*, 85 Ariz. 56, 59, 331 P.2d 257 (1958); *Higginbotham v. Kuehn*, 102 Ariz. 37, 38, 424 P.2d 165 (1967).

A.R.S. § 12–521(A)(1) defines adverse possession as "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." The period of limitation within which a claim to property must be contested is ten years, A.R.S. § 12–526. From the foregoing it is clear that any rights which the District acquired to the ditch and roadway matured long before the appellant acquired his parcel. Any evidence of conversations between appellant and employees of the District for permission to use the roadway or other negotiations by the District with appellant concerning the roadway or ditch are irrelevant to the case because the District had already acquired its rights in the ditch and roadway by adverse possession.

The only real issue is whether the District has a fee title in the ditch and roadway.

Throughout the cases in this jurisdiction, we speak of the claim of right by the person claiming rights by adverse possession. In *Gunther, supra,* and *Higginbotham, supra,* we note that the claim of right is nothing more than the intention of the one wrongfully in possession. Applying these principles we conclude that the most that the District has is an easement. The evidence shows that the District originally sought from appellant's predecessor in right a right of way for an irrigation ditch. The deed of 1928 clearly conveyed an easement for a right of way for canal purposes. The deed further provided that at any time in the future if the right of way was not used for canal purposes it was to revert to the grantor or their heirs and assigns.

Although the District placed the canal or ditch in the wrong location, it seems abun-

dantly clear that it sought to act in accordance with the provisions of the deed. Despite the mistake the District continued to use the ditch, but its claim of right was as an easement. The roadway was certainly used in connection with the maintenance and operation of the easement.

We conclude that all the actions of the District and the testimony of the witnesses show that the District claimed the right to use and maintain the ditch as an easement and the roadway was used in connection with the easement. There is no evidence that the District was claiming the property in question as a fee owner.

The trial court was in error in holding that the District established fee title to the land in issue. The evidence did establish that the District had acquired an easement by prescription by its continued, open, and hostile use for a period in excess of ten years. The judgment of the trial court is reversed with directions to enter a new judgment for the Roosevelt Water Conservation District in conformity with the views expressed in this opinion.

STRUCKMEYER, C. J., and GORDON, J., concur.