# E. L. BRUCE CO. v. EDWARDS.

(In Banc.  Sept. 22, 1941.  Suggestion of Error Overruled Dec. 8, 1941.)

[3 So. (2d) 846.  No. 34545.]

(1)

**Stone & Stone**, of Coffeeville, and **Fred B. Smith**, of Ripley, for appellants.

**C. A. Bratton,** of Oxford, and **W. J. Evans** and **Paul M. Moore,** both of Calhoun City, for appellee.

Argued orally by **W. I. Stone** and **Fred B. Smith,** for appellant, and by **C. A. Bratton,** for appellee.

**Alexander, J.,** delivered the opinion of the court.

Suit was brought by appellee against appellant and two others to recover the actual value of some 389 trees alleged to have been unlawfully cut and removed from property belonging to plaintiff. This value was placed at $164, and statutory damages were demanded, under Code 1930, Section 3411, in the additional sum of $5,835, making a total of $5,999. From a judgment in such sum only the lumber company appeals.

Plaintiff's title to the land involved was sought to be founded upon a deed describing the property as "West half of the Northeast Quarter of Section 33, Township 11, Range 2 West, less a ten acre strip across the West side of the Southeast Quarter of the Northeast Quarter, containing seventy acres more or less, etc." The lumber company based its right upon a timber deed covering a part of said section described as beginning at the southwest corner of the same property and "run East to a certain branch about 175 yards, thence up said branch a quarter of a mile, thence West to a line dividing the Northeast Quarter and Northwest Quarter of Section 33, thence South with said line to the point of beginning." These two descriptions overlap to the extent of a strip of land one-fourth mile long lying west of the branch referred to, and containing approximately 5.91 acres.

The respective record chains of title run back over a period of from thirty to forty years but no common source is shown. We cannot say that either has the better record title. The parties, evidently aware of this situation, undertook to establish title by adverse possession. The testimony on this issue is far from satisfactory and we shall not seek to outline it. Let it suffice that it was sufficient to raise an issue of fact and we are content to allow the finding of the jury to stand. This view recognizes plaintiff's right to recover at least the actual value of the trees cut.

Statutory damages for such cutting may be allowed only when the proof shows that the cutting was willful. This implies both knowledge and intent or a degree of recklessness so gross as to constitute willfulness. Mere mistake or carelessness is not enough. Here each claimant justified his rights by the recitals in their respective deeds. Neither was then aware of any prior history of the land upon which title by prescription could be sought. Upon protest by plaintiff, the defendant desisted from further cutting beyond the line claimed by plaintiff, until the calls of the company's deed could be verified by a competent survey. When the survey was had, the de-

fendant returned and justified its resumption of cutting by what it honestly believed was an ample assurance of its title. Indeed, both parties exhibited their deeds and depended solely upon their recitals. After the survey, plaintiff impliedly conceded some merit in defendant's claim by moving his saw mill at the request of defendant's grantor, and desisting from further cutting on the disputed strip, alleging that he "didn't want to trespass on any one." In view of the unsatisfactory evidence as to establishment of the title to the land itself, it is seen that there was sufficient justification for claim by either party, and in the absence of clear proof, measured by standards which must be invoked in adjudging liability for so drastic a penalty, it cannot be said that a reasonable exercise by either of his asserted rights could be held to be willful. Each voiced a protest to the other and such other responded thereto in a manner which precludes any imputation of deliberate design. Defendant resumed its cutting only after what it plausibly considered was a vertification by survey of the calls of its deed. Its record title was at least as good as that of plaintiff.

The jury resolved the doubtful issue of prescriptive title in plaintiff and he is therefore entitled to his actual damages. A careful assay of the entire testimony reveals no basis for imposition of the severe statutory penalty. Defendant's instructions requiring the exclusion of this issue from the case should have been granted. A verdict in the sum of $164 only is justified. If appellee will enter a remittitur down to that sum, the judgment will be affirmed in that amount; otherwise it must be reversed and the cause remanded, for hearing on the issue of damages alone.

Affirmed with remittitur.

**McGehee, J.**, delivered a partially dissenting opinion.

In view of the testimony to the effect that after the defendant became advised that the parcel of land from

which the timber was cut was likewise within the calls of the recorded deed held by the plaintiff, and that the defendant was forbidden to cut the timber and was shown the marked boundary line up to which the plaintiff claimed, it then had no right to go later upon the land and cut and remove the timber when the record disclosed that the plaintiff had at least as good a title thereto as did the defendant, and which the jury found to be the better one on the issue of adverse possession, I am of the opinion that it was a question for the jury to determine whether under such circumstances punitive damages should have been allowed.