Howse, et al. *v*. Russell.

Division B. Nov. 20, 1950.

No. 37635 (48 So. (2d) 628)

Jan. 8, 1951, (49 So. (2d) 809)

Paul S. Griffith, Ben Stevens, W. S. Welch and E. B. Cooper, for appellants.

W. M. Hutto and Frank Clark, for appellee.

Hall, J.

Appellants own land in Section 28 and appellee owns land adjoining the same in Section 29, Tp. 7, R. 5, in Wayne County. Appellee brought suit to establish as the dividing line between said properties a wire fence which is actually located, according to the undisputed proof, 165 feet east of the true dividing line between these sections, and also to recover the actual value of 193 trees cut by appellants between said fence and the true line, as well as the statutory penalty of $15.00 each for the trees so cut. The chancellor fixed the wire fence as the dividing line, awarded appellee $1600.00 as the actual value of the trees cut, and also awarded him $2895.00 statutory penalty; hence this appeal.

The proof shows that the fence in question is the east line of an enclosure within which all of appellee's land lies and that this fence was constructed about twenty years ago by appellee's predecessor in title since which time it has been continuously maintained and all land within the enclosure has been claimed by appellee and his predecessor without dispute on the part of anyone until the events hereinafter related which occurred in the latter part of 1948. We are of the opinion that the evidence is sufficient to support the finding that appellee is the owner of all land within the enclosure and that his title by adverse possession has ripened to that portion of Section 28 which lies west of said fence. It therefore follows that appellee was also the owner of

the timber on said strip between the wire fence and the true section line at the time said timber was cut and removed by appellants and the evidence as to the amount of timber so cut and the actual value thereof is sufficient to support the award of $1600.00. The decree adjudicating the fence to be the dividing line and awarding actual damages for the cutting of the timber is accordingly affirmed.

 ██ The court is of the unanimous opinion, however, that the evidence is not sufficient to support the award of the satutory penalty. The chancellor stated in his findings that "The court is of the opinion that they did so (i. e., cut the timber) at their own risk and were reckless in doing so and that, therefore, they are liable also for the statutory penalty." Under our decisions it takes more than mere recklessness to justify imposition of the statutory penalty. In E. L. Bruce Co. v. Edwards, 192 Miss. 1, 3 So. (2d) 846, 847, it is said that there must be "a degree of recklessness so gross as to constitute willfulness. Mere mistake or carelessness is not enough." See also the full discussion and the numerous authorities cited in Seward v. West, 168 Miss. 376, 150 So. 364.

Under the evidence before us it is not denied that appellants had a good record title to the land in Section 28; none of the parties knew where the true line ran between Sections 28 and 29; appellants proposed to appellee that they would have the county surveyor run the line, and appellee stated that he desired to have Nemo Clark represent him in making the survey; appellants cut the timber on Section 28 up to the wire fence and when the survey was made the trees along the true line thus established were marked with paint so that it could be clearly and easily identified; there is no dispute even yet that the line thus surveyed was 165 feet west of the wire fence. There is no substantial conflict between appellants and appellee as to the details of the agreement for making this survey except in one particular and that is that appellee, while admitting that he agreed to

the survey and admitting his selection of the surveyor to represent him in it, testified that he did not agree to abide by the line so established though he did not claim to have told appellants that he would not abide by it. After the line was run and marked by the very surveyor named by appellee, the appellants cut the fence and went upon the 165 foot strip west of the fence and cut and removed 193 trees between the fence and the established true line. Under these circumstances we are of the opinion that appellants were not guilty of such reckless conduct in the cutting of this timber as to justify the imposition of the statutory penalty against them. Since appellee himself admitted with reference to the survey "I told them to go in there and run it", the appellants were justified in entertaining the honest belief that he was willing to abide by the line even though according to his version he did not expressly say that he would do so. This is not a case such as presented in Hays v. Lyon, 192 Miss. 858, 7 So. (2d) 523, relied upon by appellee, where there was no survey or other honest effort to ascertain the correct line until after the trespass was committed, and where there was actual protest by the owner's agent while the trespass was being committed.

It was said in Seward v. West, supra, "this Court has always been cautious in the infliction of the statutory penalty, and will allow it only ■■ where the facts are well proved and where the testimony shows the trespass to have been willful, or the negligence so gross, or the indifference so real, or the lack of good faith so evident, as to be tantamount to willfulness". [168 Miss. 376, 150 So. 366.]

In view of the authorities in this state and the evidence in this case the decree will be reversed insofar as it awards the statutory penalty for the cutting of the trees, and in all other respects it will be affirmed.

Affirmed in part, and in part reversed and judgment here.

On Suggestion of Error.

### Alexander, J.

The appellants file a suggestion of error which points out the possibility of confusion as to the exact boundaries of the lands upon which the trespass is alleged to have been committed, and as to which decree confirming title as against the appellants was entered. ▉▉ In view of the desirability of a permanent and definite record, we have treated the suggestion of error as a motion to correct the judgment and therefore add thereto the following description of the property: beginning at the Southwest corner of the NW¼ of the SW¼ of Section 28, Township 7 North, Range 5 West, Wayne County, running thence East along the south line of said NW¼ of SW¼ a distance of 165 feet, thence North parallel to the true division line between Sections 28 and 29 to the intersection with the South line of the Bucatunna-Belmont Road, thence Southwestwardly along such Southern boundary line to the extension of said dividing line between Sections 28 and 29, thence South along said last named boundary line to the point of beginning.

Such description covers the disputed area and is a strip 165 feet in width off the West side of a part of Section 28 and a small tract in the SW¼ of the SW¼ of Section 21, and in view of the fact that the decree below did not describe the property by metes and bounds but decreed title in appellee to all lands within the established fence, it is deemed proper to establish the location of such fence which we find to be the eastern boundary line of the strip herein described. It was necessary for the chancellor to decree title to this property in the appellee as a basis for awarding damages for the trespass by appellants thereon. ▉▉ Our partial affirmance of liability on the merits did not sufficiently take into account that the suit was for confirmation of title thereto in the appellee, and the propriety of a definite

description thereof is clear. The decree heretofore entered herein by us is amended only to the extent that such description is supplied.

So ordered.