## KELLEY *v.* WELBORN, et al.

Mar. 16, 1953

No. 38689 24 Adv. S. 39 63 So. 2d 413

18

*Hester & Walker,* for appellant.

*Collins & Collins,* for appellees.

HALL, J.

Appellees own the SW¼ of SW¼ of Section 35, Township 10, Range 12 West, in Jones County. They brought suit against appellant for $223.00 actual value and $720.00 statutory penalty at the rate of $15.00 per tree for 48 trees cut by appellant 'from said land and recovered judgment for $936.00 from which this appeal is prosecuted.

Appellant contends that the verdict is contrary to the overwhelming weight of the evidence. We think on the contrary that a finding in favor of appellees is supported by the overwhelming weight of the evidence. The evidence shows that Kelley, through his agents, went upon said land and cut and removed twenty-five pine trees and twenty-three hardwood trees. Welborn told Kelley not to cut the timber from this land and Kelley replied that he had bought the timber from another party and was going to cut it and that if Welborn wanted to take any action he had better do it. That was before any timber had been cut. After the cutting started Welborn gave Kelley a written notice not to cut it and Kelley told him that he was going to cut it and ordered Welborn not to come upon the property. Kelley himself admits this and further admits that he did not investigate the land records to ascertain who was the owner. He testified

that Welborn wanted him to withhold the cutting until the question of title could be put through court and that he told Welborn that he was going to get the timber while he could,—that he was too busy to pay any attention to Welborn's protests. Kelley had bought from J. D. Sibley the timber on the NW¼ of SW¼ and did not have the South line of that tract surveyed. It is difficult to conceive of a stronger case of reckless, willful and wanton conduct and in our judgment the jury could have done nothing except find against Kelley for both the actual value and the statutory penalty for cutting the timber.

It is next contended that the trial court erred in not excluding Welborn's evidence of a survey of the line which was made by the county surveyor. According to the testimony of the surveyor he ran the line between the two forty-acre subdivisions and found it to coincide with an old line which had long before been run and marked out. He did not claim to have started his survey at a recognized corner established by the original government survey, but he did testify that he had previously surveyed in that area and started at an old recognized corner and that his survey tied in with the old established lines. The accuracy of this survey was for the jury, Harris v. McMullan, 212 Miss. 382, 54 So. 2d 544, and the trial court committed no error in refusing to exclude it. It is undisputed that forty-eight trees were cut South of the line which was run by the county surveyor. Kelley had no survey made to determine the true line and did not seriously dispute the accuracy of the line which had been run by the county surveyor.

Appellant further contends that the trial court erred in granting the following instruction to appellees: "The court instructs the jury for the plaintiffs that if you believe from a preponderance of the evidence in this case that the defendant, his agents or servants, cut and removed any of the timber sued for in the declaration from

the lands of plaintiffs without the consent of plaintiffs, then it is your duty under the law to find for plaintiffs, and to assess the damages in a sum equal to the value of such timber, if any, as shown by a preponderance of the testimony in this case to have been cut and removed from the lands of plaintiff by the defendant, his agents or servants, without the consent of plaintiffs; and in addition to the actual value of such timber so cut and removed, if any, you may return a verdict of $15.00 per tree for each pine tree, if any, and $15.00 for each hardwood tree, if any, so cut and removed from the lands of the plaintiffs by the defendant, his agents or servants, without the consent of plaintiffs."

The first complaint against this instruction is that it authorized a recovery of the statutory penalty if the trees were cut without the consent of the plaintiffs. Under our decisions in cases for the statutory penalty for cutting trees prior to 1950 we have consistently held that the plaintiff must show a willful trespass or negligence so gross, or indifference so real, or lack of good faith so evident as to be tantamount to willfulness. Howse v. Russell, 210 Miss. 57, 48 So. 2d 628; Seward v. West, 168 Miss. 376, 150 So. 364. Apparently because of the difficulty encountered by plaintiffs in proving such willfulness or lack of good faith, the Legislature by Chapter 312, Section 2, Laws of 1950, amended Section 1075, Code of 1942, which authorizes recovery of the statutory penalty, by adding thereto the following: "To establish the right of the owner prima facie to recover under the provisions of this section, it shall not be required of the owner to show, by a preponderance of the proof, that the defendant or his agents or employees, acting under the command or consent of their principal, willfully, recklessly and knowingly cut such trees, but it shall only be required of the owner to show that such timber belonged to such owner, and that such timber was cut by the defendant, his agents or employees, without the consent

of the owner, provided, the defendant may establish good faith as an affirmative defense to the statutory penalty."

Thus, good faith is now an affirmative defense which must be pleaded and established by the defendant.

Kelley did not plead good faith but the case was tried upon the theory of good faith as a defense and he obtained three instructions which submitted the issue of good faith to the jury. While Kelley did say that he was acting in good faith in cutting the timber, nevertheless his actions and conduct wholly negative his assertions to that effect. We do not think the instruction is subject to the criticism which appellant makes, though we do feel that it would have perhaps been better to have added at the end of the instruction "and not in good faith."

The second criticism of the quoted instruction is that it authorized recovery of the statutory penalty of $15.00 per tree for hardwood trees without limiting the same to those hardwood trees named in the statute. Section 1075, Code of 1942, authorizes recovery of a penalty of $15.00 per tree for cypress, white oak, black oak, or other oak, pine, poplar, black walnut, cherry, pecan, hickory, chestnut, birch, ash, holly, gum, persimmon, cedar, sassafras or beech tree, and $5.00 per tree for every other tree. Welborn testified that he counted the trees which were cut and that there were twenty-five pine trees and twenty-three hardwood trees. He further testified that hardwood trees consisted of bay, magnolia, gum, hickory and cotton (evidently meaning cottonwood). There is no proof as to how many of each species were cut. It will be noted that neither bay nor magnolia nor cottonwood trees fall within that part of the statute which authorizes a penalty of $15.00 per tree, but that these fall within that part of the statute which authorizes a penalty of only $5.00 per tree. Unquestionably the instruction was erroneous in authorizing a recovery of $15.00 per tree for each hardwood tree cut. Appellees argue that cottonwood and poplar are one and the same

and that cottonwood is covered by the statute. It is true that according to Webster cottonwood and poplar are both of the *genus populus*, but there is a generally recognized difference between poplar and cottonwood. We are here dealing with a statute which authorizes recovery of a penalty and penal statutes must be strictly construed. We do not think that poplar is broad enough to cover cottonwood even though they are both of the same *genus*. Appellees further contend that bay and magnolia are not hardwoods but cite no authority to support their position. According to Webster bay is a species of magnolia. The Encyclopedia Americana, Vol. 11, page 471, says that magnolia is a hardwood. Since the instruction authorized a recovery of $15.00 per tree for bay, magnolia and cottonwood trees it is clearly erroneous. The burden is upon the plaintiff to show how many trees of each variety were cut before he can recover the statutory penalty. The judgment of the trial court will therefore be reversed and the cause remanded for a new trial on the question of damages only.

Reversed and remanded.

*Roberds, P. J.,* and *Holmes, Arrington* and *Lotterhos, JJ.,* concur.