REYNOLDS *v.* MCGEHEE.

April 19, 1954

No. 39101          61 Adv. S. 19          71 So. 2d 780

*B. D. Statham,* Magnolia, for appellant.

*Gordon & Gordon,* Liberty, for appellee.

LEE, J.

J. M. Reynolds filed suit against Clinton McGehee, in the Circuit Court of Amite County, to recover the actual value and the statutory penalty on account of the alleged wrongful cutting of timber. The answer denied all material allegations of the declaration, but did not set up, as an affirmative defense, the good faith of the defendant in such cutting. At the conclusion of the evidence, the court, at the instance of the defendant, gave a peremptory instruction on the question of the statutory penalty, but submitted the question of actual value. The jury found for the defendant, and Reynolds appealed.

For a consideration of $9,000, Reynolds sold to McGehee the merchantable pine and hardwood timber "eight inches and up in diameter at the stump ten inches above the ground when cut" on 395 acres of land. According to the contract, if the value of the timber when cut, based on $30 per thousand for pine and $10 per thousand for hardwood, exceeded the named consideration, then McGehee was to pay the excess.

Reynolds testified that, about the last day of the cutting, McGehee admitted that he cut approximately 150 trees under eight inches, and that they were worth around $90. McGehee did not deny that he made such admission.

J. S. McCoy testified that he measured the trees under eight inches, which had been cut; that there were 200 of them; and that they had an actual value of between $75

and $100. On cross-examination, however, he admitted that, in his measurement, he used the bark on one side and went to the bark on the other.

■■■ The recognized rule, in such case, is to measure from outside to outside, including the bark. Craddock Manufacturing Company v. Faison, 138 Va. 665, 123 S. E. 535, 39 A. L. R. 1309; Hardison v. Dennis Simmons Lumber Company, 136 N. C. 173, 48 S. E. 588; Alcutt v. Lakin, 33 N. H. 507, 66 Am. Dec. 741. Consequently, McCoy's measurement was inaccurate.

But McGehee did not deny Reynolds' statement and thus make it nugatory. 31 C. J. S., Evidence, Section 379, p. 1164. ■■■ Voluntary and unequivocal "admissions against interest are taken or presumed to be true, and dispense with the necessity of any other proof of the fact admitted, although it does not render other proof of the fact incompetent." 31 C. J. S. 1180, Evidence, Section 382a.

Besides, an admission alone may be sufficient to establish the fact admitted. See 31 C. J. S. 1184, Section 382b, as follows: ■■■ "In the absence of opposing evidence or in the light of the surrounding circumstances or other evidence in the case, an admission against interest may be sufficient to establish the fact admitted, or the cause of action or liability or defense resting on proof of such fact, and it has been considered that cogent or full and unquestioned proof is required to overcome the effect of a deliberate admission."

■■■ On the proof there was therefore no basis whatever to warrant the jury in returning a verdict for the defendant on the issue submitted.

Now Section 1075, Code of 1942, as regards the infliction of the statutory penalty, has been frequently construed by this Court. Some of the cases are: Therrell v. Ellis, 83 Miss. 494, 35 So. 826; Ladnier v. Ingram Day Lumber Co., 135 Miss. 632, 100 So. 369; Murphy v. Seward, 145 Miss. 713, 110 So. 790; Planters Package Com-

pany v. Parsons, 153 Miss. 9, 120 So. 200; Seward v. West, 168 Miss. 376, 150 So. 364; Howse v. Russell, 210 Miss. 57, 48 So. 2d 628. Under those cases, the statutory penalty could be recovered only where the testimony showed the trespass to have been "willful, or the negligence so gross, or the indifference so real, or the lack of good faith so evident, as to be tantamount to willfulness. * * * ."

But the above section was amended by Chapter 312, Laws of 1950, by adding thereto the following: "To establish the right of the owner prima facie, to recover under the provisions of this section, it shall not be required of the owner to show, by a preponderance of the proof, that the defendant or his agents or employees, acting under the command or consent of their principal, willfully, recklessly, and knowingly cut such trees, but it shall only be required of the owner to show that such timber belonged to such owner, and that such timber was cut by the defendant, his agents or employees without the consent of the owner, provided, the defendant may establish good faith as an affirmative defense as to the statutory penalty."

Consequently, the owner of timber now makes out a prima facie case of his right to recover the penalty when he shows (1) that he owns the timber, and (2) that the defendant or his representative cuts it without his consent. If the defendant pleads good faith as an affirmative defense, he may then, of course, offer evidence to that effect. Compare Kelley v. Welborn, 217 Miss. 16, 63 So. 2d 413.

The granting of the peremptory instruction was error.

From which it follows that this cause must be, and is, reversed and remanded for a new trial.

Reversed and remanded.

*Hall, Kyle, Arrington* and *Gillespie, JJ.,* concur.