## ARMSTRONG *v.* TRAWICK, ADMRX., Etc.

June 14, 1954

No. 38985        67 Adv. S. 4        73 So. 2d 167

*Joseph E. Brown, L. A. Whittington,* Natchez, for appellant.

*Berger & Callon; Brandon, Brandon, Hornsby & Handy,* Natchez, for appellee.

ETHRIDGE, J.

Appellant, Mrs. Mary Armstrong, filed this suit in the Chancery Court of Adams County against T. O. Trawick and International Paper Company. After appeal was taken, Trawick died and the cause was revived in the name of his administratrix. Appellant confesses that the decree was correct insofar as it dismissed her bill against the Company.

Appellant sued to recover the value of pine timber which she alleged was wrongfully cut and removed from her plantation by T. O. Trawick, for damages to the plantation, and for the statutory penalty. Egypt Plantation is a large tract of land in Adams County containing 1,300 acres and owned by appellant. Around February 1, 1951, there was an extremely severe ice storm over a large part of Mississippi, including Adams County, and much timber was damaged or destroyed. Shortly after the ice storm, appellant, acting through her husband, made an oral agreement with Trawick, who was in the business of buying pulpwood timber, which he sold to International

Paper Company. This contract was wholly verbal, and according to the chancellor's finding of fact, which was amply supported by testimony, Trawick agreed to cut the storm damaged timber from Egypt Plantation, cutting only such pine timber as was so injured by the ice that it would afterwards die. His agreement with appellant was to "handle it just like it was mine, and cut what he thought should come out." Trawick then put his supervisor and assistants on the plantation with instructions to cut no timber which was not so damaged that it would eventually die. After this work had gone on for several weeks, appellant stopped Trawick from further cutting.

Later this suit was brought, and appellant's witnesses asserted that not over 10 to 25 percent of the timber on Egypt Plantation was so damaged by the ice that it would have ultimately died, and that Trawick had practically denuded the place of pine timber, including undamaged timber. On the other hand, Trawick and his witnesses testified that from 80 to 90 percent of the timber on this tract would have died, and denied that they cut any except the authorized timber. There was a straight dispute of fact on that issue. Moreover, Trawick's testimony was to the effect that his agreement with appellant vested in his sound judgment and discretion the right to say whether a particular tree would probably die from the ice damage. Neither appellant nor her husband testified, and there was no contradiction of Trawick's position on this aspect of the agreement. Trawick further said that he told Judge Armstrong, appellant's husband and agent, and he agreed, that the percentage of damage to the timber on Egypt Plantation would probably run from 75 to 95 percent of the total amount on the place, and there was no contradiction of that.

The chancellor found that appellant and **Trawick** had "an oral contract loosely entered into by both **parties** with no restrictions except that Trawick was not to cut any timber which in his judgment would not die as a result of the storm damage." There is ample evidence

to support this and the further finding that appellant failed to show by a preponderance of the evidence that Trawick cut timber which he was not authorized to cut under his agreement with appellant. Without lengthening this opinion by detailing the evidence, we will say that these findings of the chancery court are supported by the evidence, and certainly we could not say that the court was manifestly wrong. The final decree properly gave appellant a judgment against appellee in the sum of $2,249.92, representing the amount of storm damaged timber which Trawick admitted cutting and for which he conceded liability under the contract. Since appellee's testimony showed, and the chancery court found, that Trawick was acting in good faith and under his agreement with appellant when he cut the storm damaged timber, appellee was not liable for the statutory penalty. See Mississippi Code 1942, Section 1075, as amended by Mississippi Laws 1950, Chapter 312, Section 2; Reynolds v. McGehee, 71 So. 2d 780 (Miss. 1954).

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Gillespie, JJ.,* concur.