LOCHRIDGE *v.* HANNON.

No. 41165          May 11, 1959          112 So. 2d 234

*Adams, Long & Adams,* Tupelo, for appellant.

*Brown & Elledge,* Fulton, for appellee.

Holmes, J.

The appellant, O. A. Lochridge, brought this suit in the Chancery Court of Itawamba County against the appellee, J. L. Hannon, and others, seeking to recover the actual value of trees alleged to have been wrongfully cut by the appellee from lands of the appellant, and the statutory penalty therefor.

The controversy arose out of a sale of timber, eight inches and up, made by the appellant to the appellee on June 22, 1957, on certain lands of the appellant in Itawamba County. The original bill filed by the appellant also sought the reformation of an instrument of writing by which the parties attempted to evidence the sale. The dispute between the parties was whether there was included in the sale the timber on a certain 30-acre tract of land and the northern part of a certain 92-acre tract of land, lying north of the Shotsville and Cotton Gin Road. The appellant charged in his original bill that the said two tracts of land were not included in the sale and that the appellee had wrongfully and wilfully cut a number of trees thereon, and had thereby subjected himself to liability to the appellant for both the actual value of the trees so cut and the statutory penalty therefor.

The appellee denied that the timber on said two tracts of land was not included in the sale and plead as an affirmative defense that he had cut the timber on said two tracts of land in good faith and under the honest belief that the timber was included in the sale.

In order for the appellant to establish his right prima facie to recover the statutory penalty, he was only required to show by preponderance of the proof that the

timber belonged to him and that the same was cut by the appellee, his agents or employees, without his consent, and, upon such showing, it then devolved upon the appellee to establish his affirmative defense of good faith. Section 1075, Mississippi Code of 1942, as amended by Chapter 312 of the Mississippi Laws of 1950.

The evidence was conflicting on the issue as to whether the timber in question was included in the sale and as to whether the appellee cut the same in good faith and under an honest belief that the same was included in the sale. According to the evidence for the appellant, the timber in question was not included in the sale and was cut by the appellee without the consent of the appellant. According to the evidence for the appellee, the timber in question was included in the sale and was cut by the appellee in good faith and under the honest belief that it was included in the sale.

Upon conclusion of the appellant's evidence, the court, on motion, dismissed the suit as to all defendants other than the appellee and the case proceeded as against the appellee.

At the conclusion of all of the evidence, the court found as a fact that the timber in question was not included in the sale but that the appellee had cut the same in good faith under the honest belief that the same was included in the sale, and that the timber so cut consisted of 316 trees from the aforesaid 30-acre tract, and 71 trees from the aforesaid 92 acre tract, making a total of 387 trees of the value of $288.00.

Accordingly, the court rendered a decree reforming the contract of sale so as to exclude therefrom the timber on the aforesaid 30 acre tract and the aforesaid 92 acre tract, and providing that the appellant have and recover of the appellee the sum of $288.00 and costs to cover the actual value of the trees, and denying to the appellant the right to recover the statutory penalty. From this decree the appellant appeals, complaining that

the court erred in denying him the right to recover the statutory penalty. There is no cross-appeal. The only question presented on this appeal, therefore, is whether the court erred in denying to the appellant the right to recover the statutory penalty.

It will serve no good purpose to detail the evidence for the respective parties. It is sufficient to say that this evidence was conflicting and that the trial court was amply warranted under the evidence in finding that the appellee cut the timber in good faith and under the honest belief that the same was included in the sale. Certainly we are unable to say that the trial court in so finding was manifestly wrong.

■■■ The action of the trial court in denying to the appellant the right to recover the statutory penalty is amply supported by the prior decisions of this Court. It is well established that the statute authorizing the statutory penalty is highly penal and must be strictly construed. Murphy v. Seward, 145 Miss. 713, 110 So. 790; Ginther v. Long, 227 Miss. 885, 87 So. 2d 286.

In Howse, et al. v. Russell, 210 Miss. 57, 48 So. 2d 628, the Court quoted with approval the following from Seward v. West, 168 Miss. 376, 150 So. 364: ''This Court has always been cautious in the infliction of the statutory penalty and will allow it only where the facts are well proved and where the testimony shows the trespass to have been wilful, or the negligence so gross, or the indifference so real, or the lack of good faith so evident, as to be tantamount to wilfulness.''

In the case of Strawbridge v. Day, 98 So. 2d 122, the Court said: ''In Leavenworth and Son, Inc., v. Hunter, 150 Miss. 245, 116 So. 593, this Court held that in a suit for both the statutory penalty and the actual value of timber cut from lands belonging to the plaintiff, where it appears that the defendant acted in good faith, under the belief that the timber cut was on lands purchased by him from another source, the statutory penalty is not

allowable, but only the actual value of the timber so taken is recoverable. See also E. L. Bruce Co. v. Edwards, 192 Miss. 1, 3 So. 2d 846, and Anderson-Tully Co. v. Campbell, 193 Miss. 790, 10 So. 2d 445."

We are accordingly of the opinion that the decree of the court below should be and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.