287 So.2d 433 (1973)
Homer RUTLAND
v.
Earl D. CORLEY et ux.
No. 47344.
Supreme Court of Mississippi.
December 17, 1973.
William D. Adams, Kenneth E. Crawford, Collins, for appellant.
W.W. Dent, Collins, for appellees.
GILLESPIE, Chief Justice:
Earl D. Corley and wife (plaintiffs) sued Homer Rutland (defendant) in the Circuit Court of Covington County, Mississippi, for the recovery of actual, statutory, and punitive damages alleged to have resulted when Rutland's agents wilfully, wantonly and maliciously ran a heavy piece of logging equipment across Corley's land, thereby destroying certain trees. The jury returned a verdict for $500, and defendant appeals.
Defendant was engaged in logging operations on land adjacent to that of the plaintiffs. Some of the trees cut by defendant fell onto land of plaintiffs, and when the logs were cut, the tops remained on plaintiffs' land. Mr. Corley went to defendant's agent and told him to remove the tree tops from his property and not to run any logging equipment across the Corley land. Thereafter a piece of logging equipment ran onto the land of plaintiffs and damaged or destroyed twenty-nine trees. This occurred at some place other than where the tree tops had fallen on plaintiffs' land.

1. Where plaintiffs entitled to recover the statutory damages for destroying twenty-nine trees?
In his answer, defendant denied that any of his equipment went onto the land of plaintiffs. However, he also alleged that if it did, it was through mistake and inadvertence, *434 and he pleaded the affirmative defense of good faith. The proof stated in the light most favorable to plaintiffs shows that Mr. Corley went to defendant's agent, requested removal of the tree tops, and stated he did not want defendant's equipment run on his land. Thereafter, a piece of defendant's equipment driven by an unidentified person drove onto the Corley land and then back to the land where defendant was cutting timber. Plaintiffs' own witness stated: "[T]his colored boy on that big machine went on down about 250 yards and turned and come back on Earl's (Corley) land... . He seen he was wrong, you know, and turned around." This machine destroyed or damaged a number of trees which Mr. Corley testified were worth $25.
The statutory penalty for cutting or destroying trees is provided in Mississippi Code 1972 Annotated section 95-5-3. In Lochridge v. Hannon, 236 Miss. 687, 112 So.2d 234 (1959), the Court said that the statute authorizing the penalty for cutting trees is highly penal and must be strictly construed. This Court has always been cautious in the infliction of the statutory penalty and will allow it only where the facts are well proved and where the testimony shows the trespass to have been wilful, or the negligence so gross, or the indifference so real, or the lack of good faith so evident, as to be tantamount to wilfulness. Tested by the foregoing standard, the defendant is not liable for the statutory penalty, and the judge should not have submitted this matter to the jury.

2. Is the defendant liable for punitive damages?
The verdict was for $500, and plaintiffs sued for $25 actual damages and $145 statutory damages. It follows that $330 of the damages was for punitive damages for driving the machine across the land of the plaintiffs. For the same reasons already stated, plaintiffs were not entitled to recover punitive damages. "Punitive or exemplary damages are ... damages given ... on account of the wanton, reckless, malicious, or oppressive character of the acts complained of." Sum. Miss.L. § 2930 (1969).

3. Were plaintiffs entitled to actual damages?
The testimony on behalf of the plaintiffs both as to liability and quantum of damages is unsatisfactory, but we are of the opinion that there was enough to go to the jury on the issue of actual damages and that plaintiffs were entitled to recover $25, the amount sued for.
In summary, we reverse the judgment of the trial court insofar as it awarded the statutory penalty and punitive damages, and reduce the judgment in favor of plaintiffs to the sum of $25, and the judgment is modified accordingly.
Reversed in part and judgment modified.
INZER, SMITH, ROBERTSON and BROOM, JJ., concur.