Appellant appeals from a judgment of the Circuit Court of Jackson County granting appellee the sum of $2,700. A brief discussion of the pleadings and facts is necessary before applying the law thereto.
Appellee, Gene Busby, filed his suit in two counts. The first count alleges that on or about March 22, 1974, appellee delivered certain items of furniture and packages containing personal belongings to the duly authorized representative of the appellant, a local transfer and storage company. This count further sets out that on October 12, 1974, appellant sold appellee's stored property pursuant to Mississippi Code Annotated section 75-7-210 (1972), a provision of the Uniform Commercial Code. It was alleged that appellant failed to follow the provisions of said section requiring that appellant advertise in a local newspaper for two consecutive weeks that the property would be sold on a certain date. Appellee alleged that the newspaper advertisement stated that the property would be sold on October 23, 1974, when in fact it was sold on October 12, 1974. He alleged that on October 15 he attempted to pay for the storage and secure his property but was advised of the previous sale and that appellant could do nothing about it. Appellee alleges in the first count that appellant wilfully converted his property contrary to law and that he was entitled to a judgment from appellant in the amount of the value of the property together with punitive damages.
The second count of the declaration charges that the appellant was guilty of negligence in failing to comply with the statutes in reference to notice of sale and that because of such negligence he was entitled to recover the value of his property and punitive damages in addition thereto.
Appellant filed its answer consisting of three parts: demurrer, answer and affirmative defense. The affirmative defense alleged that the parties entered into a written warehouse receipt and storage contract and were bound by that instrument. It alleged that the appellee breached the contract, and, therefore, was not entitled to recover.
The proof in the case is largely without dispute. At the time the goods were stored, appellee lived at Gautier, Mississippi, a short distance from Pascagoula. The purpose for storing the goods was to attend a physician's assistant school in another state. For some reason he returned to Jackson County around the first of July, 1974, and notified the appellant of his address there. In the meantime, appellant had been forwarding monthly statements to appellee at the address given at the time the goods were stored. After being informed of a new address in July, appellant started mailing correspondence there. Appellee admitted receiving one or two monthly statements showing the monthly additional charge and the total amount due. It is undisputed that appellee did not make any of the monthly payments, his reason being that at the time of storage a representative of appellant advised him that he would not have to make a payment for a year as he was a student. Appellant vigorously denies this agreement.
The latter part of August, appellee again moved out of state. He testified that he called the office of appellant and notified it of his change of address. He testified that he also executed a change of address card at the local post office.
On August 10, 1974, appellant forwarded a letter to appellee at the July address informing him that his goods would be sold *Page 395 
according to law if the storage charge was not paid within ten days. On September 11, a similar letter was again sent to appellee at the same address by certified mail. The first letter was not returned, but the second was returned "unclaimed."
Appellant then caused a notice of sale to be published in the local newspaper on September 24, October 4, and October 11, advising that because of nonpayment of storage charges the appellee's property would be sold at auction. The property of several other bailors was included in the same notice. The notice stated that the sale would be held on October 23, 1974, whereas, as stated above, it was actually held on October 12.
An important item of evidence that is undisputed is that on October 11, appellee talked by long distance telephone with his mother-in-law who lived in Pascagoula. She advised him that she had seen the notice of sale in the local paper and that the property would be sold on October 23. If the notice had advised the sale would be held on October 12, appellee would have had a chance to stop the sale of his property.
Appellee came to Mississippi and upon arrival on October 15, he contacted appellant and learned that his property was sold on the 12th. He then contacted an attorney and this suit was filed.
At the trial of the cause, Robert E. Long, owner of appellant company, and its manager, Don Flurry, testified positively that the sale date of October 23, as it appeared in the newspaper advertisement was a clerical error either by the paper or appellant's office staff. The testimony was positive that the sale at all times was intended to be on the 12th. Some of the persons whose property was to be sold appeared before the 12th and redeemed their property by paying the storage charges.
Although the case was fully developed by the testimony of appellee and his witnesses, this evidence in no manner contradicted appellant's evidence that the error was a mistake and was a clerical error and there was no intent deliberately to set out an erroneous sale date.
Two sections of the Uniform Commercial Code apply here. Code section 75-7-204, under the heading "Duty of care; contractuallimitation of warehouseman's liability," provides as follows:
 (1) A warehouseman is liable for damages for loss of or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful man would exercise under like circumstances but unless otherwise agreed he is not liable for damages which could not have been avoided by the exercise of such care.
 (2) Damages may be limited by a term in the warehouse receipt or storage agreement limiting the amount of liability in case of loss or damage, and setting forth a specific liability per article or item, or value per unit of weight, beyond which the warehouseman shall not be liable; provided, however, that such liability may on written request of the bailor at the time of signing such storage agreement or within a reasonable time after receipt of the warehouse receipt be increased on part or all of the goods thereunder, in which event increased rates may be charged based on such increased valuation, but that no such increase shall be permitted contrary to a lawful limitation of liability contained in the warehouseman's tariff, if any. No such limitation is effective with respect to the warehouseman's liability for conversion to his own use.
 (3) Reasonable provisions as to the time and manner of presenting claims and instituting actions based on the bailment may be included in the warehouse receipt or tariff.
Code section 75-7-210 provides in part as follows:
 (1) Except as provided in subsection (2), a warehouseman's lien may be enforced by public or private sale of the goods in block or in parcels, at any time or place and on any terms which are commercially reasonable, after notifying all persons known to claim an interest in the goods. Such notification must include a statement *Page 396 
of the amount due, the nature of the proposed sale and the time and place of any public sale. The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the warehouseman is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the warehouseman either sells the goods in the usual manner in any recognized market therefor, or if he sells at the price current in such market at the time of his sale, or if he has otherwise sold in conformity with commercially reasonable practices among dealers in the type of goods sold, he has sold in a commercially reasonable manner. A sale of more goods than apparently necessary to be offered to insure satisfaction of the obligation is not commercially reasonable except in cases covered by the preceding sentence.
 . . . . .
 (f) After the expiration of the time given in the notification, an advertisement of the sale must be published once a week for two (2) weeks consecutively in a newspaper of general circulation where the sale is to be held. The advertisement must include a description of the goods, the name of the person on whose account they are being held, and the time and place of the sale. The sale must take place at least fifteen (15) days after the first publication. If there is no newspaper of general circulation where the sale is to be held, the advertisement must be posted at least ten (10) days before the sale in not less than six (6) conspicuous places in the neighborhood of the proposed sale.
 . . . . .
 (5) A purchaser in good faith of goods sold to enforce a warehouseman's lien takes the goods free of any rights of persons against whom the lien was valid, despite noncompliance by the warehouseman with the requirements of this section.
 . . . . .
 (9) The warehouseman is liable for damages caused by failure to comply with the requirements for sale under this section and in case of willful violation is liable for conversion.
As hereinbefore stated, appellee based the first request in his declaration on the latter part of subsection (9) alleging that there was a "wilful violation" and therefore appellant was liable for conversion. We find no cases in point on this question. We do find cases by this Court defining the term "wilfulness." In E.L.Bruce Co. v. Edwards, 192 Miss. 1, 3 So.2d 846 (1941), in a case dealing with the wrongful cutting of trees, the Court said:
 Statutory damages for such cutting may be allowed only when the proof shows that the cutting was willful. This implies both knowledge and intent or a degree of recklessness so gross as to constitute willfulness. Mere mistake or carelessness is not enough.
In Mississippi Insurance Commission v. Savery, 204 So.2d 278
(Miss. 1967), we find the following:
 "Wilful" is a word denoting an act done consciously and intentionally, or knowingly and purposely, without justification or excuse. The word as ordinarily used in courts of law denotes some element of design, intention or deliberation and intention to do or refrain from doing some act, and not mere inadvertence. Dorroh v. State, 229 Miss. 315, 90 So.2d 653 (1956), citing 94 C.J.S. Willful at 620, 624 (1956).
This Court has no alternative but to hold that appellee did not prove appellant's action in regard to the erroneous sale date to be "wilful" as that term has been defined. As stated, the positive testimony of appellant was that it merely constituted an error either by the newspaper or appellant's office. The positive testimony was that none of appellant's employees or representatives, including Long and Flurry, saw the advertisement before the sale on October 12. Also, as stated, appellee introduced no evidence to contradict appellant on the reason for the error and bases his contention solely on the fact that an erroneous date was listed. Therefore, we find that the lower *Page 397 
court erroneously submitted the case to the jury on some of the instructions authorizing a finding of "wilfulness" on the part of appellant as that term is used in Code section 75-7-210(9).
Regarding the instructions, several were presented to the jury that were based on negligence. A comparative negligence instruction was given the jury even though the first count of the declaration was based solely on a charge of wilful conversion under the statute. As hereinbefore stated, however, the second part of the declaration was based on negligence.
At the time the original warehouse storage contract was executed and the possession of the property transferred, the contract required an agreement between the parties as to the value of the property. This could be done as stated in Code section 75-7-204 in several ways, including the value per unit of weight. At the time of executing the contract, appellee agreed that the property had a value of sixty cents per pound. The property had a weight of 1950 pounds, which would set the weight unit value at $1,170.
Appellant contends that appellee is not entitled even to the agreed amount of damages under the statute for the reason that a copy of the contract was not attached to the declaration pursuant to Mississippi Code Annotated sections 11-7-45 and 11-7-47, and for the reason that appellee did not request contractual damages in his declaration. On first consideration this appears to be a valid contention. In fact, appellee in his brief goes "all out" for wilful conversion damages rather than damages for which he contracted. His attorney, on oral argument, however, receded from this position.
As hereinbefore stated, the second part of appellee's declaration was based on negligence. This was in effect admitted by appellant at the trial. Also, as stated, appellee learned on October 11 that the advertisement for sale was in the newspaper but that it listed the sale date as October 23. If the correct date of October 12 had been shown he could have done something about stopping the sale and securing his property before the sale the next day.
Although appellee did not attach a copy of the contract to his declaration, appellant in its affirmative defense relied on the terms of the contract in its defense. It is the opinion of the Court that as a matter of law appellee is entitled to the contractual damage amount for the loss of his property, and the jury should have been so instructed. Under the pleadings and instructions in the case, there would be no need to burden the court by ordering a retrial of the cause. The record is in such posture that a final judgment may be rendered by this Court. Therefore, we hold that the lower court should have directed a judgment for appellee in the amount of contractual damages of $1,170, and the cause will be affirmed with the judgment modified to show the correct amount. The judgment, therefore is affirmed and modified to grant appellee here a judgment against appellant in the sum of $1,170. All costs are to be divided equally between the parties.
AFFIRMED AS MODIFIED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.