LEE, J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. In 1966, Robert Moorehead purchased land in Union County to raise a timber crop. In 1996, Moorehead discovered that timber had been harvested from a portion of his property without his consent. Moorehead filed suit in chancery court to quiet title to the property and to recover damages for the timber trespass. Moorehead named Anthony Ray Hudson, Sr., Susan Annette Hudson and R.L.H. Logging, Inc. as defendants. Former Justice James L. Roberts, Jr. was appointed as special chancellor over the case.
¶ 2. After the trial, the chancellor accepted memoranda from the parties. After considering the memoranda and the evidence presented at trial, the chancellor rendered an opinion on June 9, 2000, and a judgment was entered on July 28, 2000, in conformity with the opinion. Moorehead subsequently petitioned the court for a new trial or, in the alternative, for an amended judgment. An amended opinion was rendered on April 9, 2001. R.L.H. Logging then filed a motion requesting additional findings of fact, an amendment of judgment and a new trial or, in the alternative, an amended judgment. The Hudsons also filed a motion requesting additional findings of fact, an amendment of judgment and a new trial or, in the alternative, an amended judgment. All of the defendants subsequently filed a joint motion of similar substance. The chancellor issued, and the clerk recorded, another judgment on August 20, 2001. The defendants filed yet another motion requesting additional findings of fact and conclusions of law and a motion for a new trial or, in the alternative, to amend the judgment. The chancellor filed an opinion titled “Second Amended Opinion” on May 21, 2002. Moorehead then filed a motion for additional findings of fact and conclusions of law. The court rendered yet another amended opinion on January 31, 2003. This opinion withdrew the April 2001 opinion and incorporated and adopted both the June 2000 opinion and the second opinion from May 2002. In sum, the final opinion of the court found for Moorehead against the Hudsons as follows:
*461 A. Actual Damages $15,825.94
B. Cost of Re-forestation 1,656.00
C. Attorney’s fees 16,491.14
D. Survey fees 5,000.00
E. Forester fees 1,345.00
The chancellor awarded Moorehead a judgment against the Hudsons totalling $40,318.08. R.L.H. Logging was awarded a judgment against the Hudsons for attorneys fees in the amount of $7,016.75 because “R.L.H. Logging’s defense was necessitated by the actions of the Defendants Hudson [sic].” The court entered a judgment in conformity with the final opinion on February 11, 2003. The series of opinions and orders consistently found Moore-head to be the owner of the property in question, and neither party is contesting the chancellor’s determination of ownership.
¶ 3. Aggrieved from the final judgment, Moorehead filed his appeal, asserting two points of error. First, Moorehead contends that R.L.H. Logging, Inc. should have been found jointly liable on the judgment with the Hudsons. Moorehead next contests the chancellor’s decision not to grant damages against the defendants as provided in Mississippi Code Annotated Section 95-5-10(2) (Rev.1994). Finding that the chancellor erred in excepting R.L.H. Logging from liability under Mississippi Code Annotated Section 95-5-10(1), this Court reverses in part and remands in part.
STANDARD OF REVIEW
¶ 4. The standard of review regarding the decision of a chancellor is well known and well settled. The findings of a chancellor will not be disturbed or set aside on appeal unless the decision of the trial court is manifestly wrong and not supported by substantial credible evidence or unless an erroneous legal standard was applied. Where there is substantial evidence to support the chancellor’s findings, this Court is without the authority to disturb his conclusions, although this Court might have found otherwise as an original matter. Memphis Hardwood Flooring Co. v. Daniel, 771 So.2d 924, 930(¶ 18) (Miss.2000).
¶ 5. Timber trespass is addressed at section 95-5-10 of the Mississippi Code, which is reproduced below:
(1) If any person shall cut down, deaden, destroy or take away any tree without the consent of the owner of such tree, such person shall pay to the owner of such tree a sum equal to double the fair market value of the tree cut down, deadened, destroyed or taken away, together with the reasonable cost of reforestation, which cost shall not exceed Two Hundred Fifty Dollars ($250.00) per acre. The liability for the damages established in this subsection shall be absolute and unconditional and the fact that a person cut down, deadened, destroyed or took away any tree in good faith or by honest mistake shall not be an exception or defense to liability. To establish a right of the owner prima facie to recover under the provisions of this subsection, the owner shall only be required to show that such timber belonged to such owner, and that such timber was cut down, deadened, destroyed or taken away by the defendant, his agents or employees, without the consent of such owner. The remedy provided for in this section shall be the exclusive remedy for the cutting down, deadening, destroying or taking away of trees and shall be in lieu of any other compensatory, punitive or exemplary damages for the cutting down, deadening, destroying or taking away of trees but shall not limit actions or awards for other damages caused by a person. (2) If the cutting down, deadening, destruction or taking away of a tree without the consent of the owner of such tree be *462 done willfully, or in reckless disregard for the rights of the owner of such tree, then in addition to the damages provided for in subsection (1) of this section, the person cutting down, deadening, destroying or taking away such tree shall pay to the owner as a penalty Fifty-five Dollars ($55.00) for every tree so cut down, deadened, destroyed or taken away if such tree is seven (7) inches or more in diameter at a height of eighteen (18) inches above ground level, or Ten Dollars ($10.00) for every such tree so cut down, deadened, destroyed or taken away if such tree is less than seven (7) inches in diameter at a height of eighteen (18) inches above ground level, as established by a preponderance of the evidence. To establish the right of the owner prima facie, to recover under the provisions of this subsection, it shall be required of the owner to show that the defendant or his agents or employees, acting under the command or consent of their principal, willfully and knowingly, in conscious disregard for the rights of the owner, cut down, deadened, destroyed or took away such trees. (3) All reasonable expert witness fees and attorney’s fees shall be assessed as court costs in the discretion of the court.
Miss.Code Ann. § 95-5-10 (Rev.1994).
ANALYSIS
I. SHOULD R.L.H. LOGGING HAVE BEEN FOUND JOINTLY LIABLE ON THE JUDGMENT?
¶ 6. In his June 2000 opinion, the chancellor determined that R.L.H. Logging’s conduct was “solely attributable to the actions of the Defendants Hudson;” therefore, the chancellor did not award any amounts against the logging company. We first note that the construction and nature of section 95-5-10 is highly penal in its provisions and remedies. Previous interpretations involving earlier versions of the statute resulted in very strict construction when addressing its application. Lochridge v. Hannon, 236 Miss. 687, 690, 112 So.2d 234, 236 (1959). We further note that section 95-5-10 and the provisions contained therein have been construed by the Mississippi Supreme Court as the “exclusive remedy” for cutting trees without consent. McCain v. Memphis Hardwood Flooring Co., 725 So.2d 788, 791(¶10) (Miss.1998) (citing Greenlee v. Mitchell, 607 So.2d 97, 111 (Miss.1992)). This “exclusive remedy” is contingent upon successfully meeting the requirements and provisions contained within the statute.
¶ 7. Section 95-5-10 provides for the liability of “any person [who] shall cut down ... or take away any tree without the consent of the owner of such tree.... ” Miss.Code Ann. § 95-5-10(1) (Rev.2001). Under the ‘highly penal’ aspect of the statute, damages of double the value of the timber cut together with the costs for reforestation of the land are provided. Id. To recover under the statute, the owner of the timber must only prove ownership of the timber and that the timber was cut down, deadened or destroyed or removed by the defendant or the defendant’s agent without the owner’s consent. Id.
¶ 8. Additionally, the statute specifically excludes “good faith” as a defense to timber trespass. “The liability for the damages established in this subsection shall be absolute and unconditional and the fact that a person cut down, deadened, destroyed or took away any tree in good faith or by honest mistake shall not be an exception or defense to liability.” Id.
¶ 9. Until the enactment of 95-5-10, “good faith” provided an acceptable affirmative defense to timber trespass. Cases under the previous statute define good faith to denote “honesty of purpose, *463 freedom from intention to defraud or to deprive others of rights or property to which in equity and good conscience they are entitled.” Strawbridge v. Day, 232 Miss. 42, 52-53, 98 So.2d 122, 128 (1957). Although the good faith defense to timber trespass has been expressly excluded by the legislature, this definition of good faith is still appropriate and provides assistance in defining what defenses have been excluded under the present statute. In finding that R.L.H. Logging’s actions were “solely attributable to the actions of Defendants Hudson” and in eliminating the company’s liability, the chancellor erroneously attempted to confer upon R.L.H. an “honesty of purpose and freedom from the intent to deprive” Moorehead of his property rights. Despite any innocuous reliance on the Hudsons’s documentation, by participating in the tree harvest, R.L.H. Logging nevertheless falls within the purview of the statute and accordingly should share liability for the timber trespass. By absolving R.L.H. Logging of liability due to its good faith defense, the chancellor committed an abuse of discretion.
II. SHOULD THE CHANCELLOR HAVE AWARDED DAMAGES PURSUANT TO 95-5-10(2)?
¶ 10. Moorehead argues that he is entitled to the additional damages outlined in section 95-5-10(2). This section provides for additional damages when the removing or deadening of trees is done “willfully or in reckless disregard for the rights of the owner of such tree.” In the final opinion and judgment, the chancellor adopted and incorporated his June 2000 opinion as to the issue of damages under section 95-5-10(2); the June 2000 opinion adopted and incorporated pages 13 through 15 of a brief submitted by the Hudsons; however, the excerpt adopted and incorporated into the opinion does not address the possibility that R.L.H. Logging could be responsible to Moorehead for punitive damages under section 95-5-10(2). Instead, the chancellor addressed R.L.H.’s liability by finding that R.L.H. Logging’s actions were “solely attributable to the actions of Defendants Hudson,” instead of determining the company’s culpability because the statute expressly excludes a good faith defense. As addressed in section I of this opinion, good faith is not a defense to timber trespass; therefore, the chancellor should have made a separate determination as to R.L.H. Logging’s liability under section 95-5-10(2) in view of the absence of this defense. Thus, we reverse the chancellor’s decision awarding damages against the Hudsons only, finding that under section 95-5-10(1) both R.L.H. Logging and the Hudsons are jointly and severally liable to Moorehead for the timber trespass. This Court further remands this cause with instructions that the chancellor may consider punitive damages under section (2) in light of our reversal.
¶ 11. THE JUDGMENT OF THE UNION COUNTY CHANCERY COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLEES.
KING, C.J., BRIDGES, P.J., IRVING, MYERS AND CHANDLER, JJ., CONCUR. SOUTHWICK, P.J., AND GRIFFIS, J„ NOT PARTICIPATING.