RUSSELL, J.,
concurring in part and dissenting in part:
¶ 37. I would find that the county court erred in excluding a statement made by Taylor’s father on the basis of hearsay, because the statement was admissible to show Taylor’s state of mind. The declar-ant was also not available. Further, I would find that the error complained of by Taylor was apparent throughout the record under Mississippi Rule of Evidence 103(a)(2); therefore, I disagree with the majority’s conclusion that the matter argued by Taylor on appeal was not preserved for appellate review and respectfully dissent as to that issue. I agree with the majority that the issue of penal damages should have been submitted to the jury. Therefore, I concur with the majority’s decision to affirm the $17,425.64 in compensatory damages, reverse the award of penal damages of $43,010, and remand the issues of penal damages and court costs to the circuit court for a new trial pursuant to Mississippi Code Annotated section 11-51-79 (Rev.2012).
Whether a statement made by Taylor’s father to Taylor was erroneously excluded as hearsay.
¶ 38. Taylor argues that a statement made by his father indicating Taylor would own the subject property after his father’s death was not hearsay because the conversation was not offered to prove Taylor’s ownership of the property but was offered to show Taylor’s good-faith belief that he owned the property. “We review a trial court’s ruling regarding the admission or exclusion of evidence under an abuse-of-discretion standard of review.” Hester v. Samples, 74 So.3d 383, 388 (¶ 19) (Miss.Ct.App.2011). “ ‘Hearsay5 is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” M.R.E. 801(c). The comment to Rule 801(c) states: “If the significance of a statement is simply that it was made[,] and there is no issue about the truth of the matter asserted, then the statement is not hearsay.” McCormick on Evidence notes that statements offered to show the effect on the hearer or reader are not hearsay when offered for that purpose:
A statement that D made a statement to X is not subject to attack as hearsay when its purpose is to establish the state of mind thereby induced in X, such as receiving notice or having knowledge or motive, or to show the information which X had as bearing on the reasonableness, good faith, or voluntariness of subsequent conduct, or on the anxiety produced.
[[Image here]]
In the situations discussed above, the out-of-court statement will frequently have an impermissible hearsay aspect as well as a permissible nonhearsay aspect. For example, an inspector’s statement that a customer’s tires are defective admitted to establish notice of the defective condition (with other proof being required to establish the condition) is susceptible of being used improperly by the trier of fact as proof that the tires were in fact defective. Unless the need for the evidence for the proper purpose is substantially outweighed by the danger of improper use, the appropriate result is to admit the evidence with a limiting instruction.
McCormick on Evidence § 249 (5th ed.1999) (emphasis added). See also Cooper v. State Farm Fire & Cas. Co., 568 So.2d 687, 701 (Miss.1990) (noting that the truth of the statement is unimportant when a statement “may be seen to have an effect on the state of mind of those hearing it” and that “[t]he statement could be completely false, but the fact that someone *1170 told State Farm [the statement] makes its actions understandable”).
¶ 39. In this case, Taylor’s father made a statement to Taylor that the subject property would be his once his father died. According to Kenneth Reese, the surveyor, this statement is where Taylor formed his good-faith belief that he owned the subject property. The statement was not offered to prove Taylor actually owned the subject property — he did not. Instead, the statement was offered to show Taylor’s lack of willfulness or reckless disregard in cutting the timber and his good-faith belief that he owned the property. This statement should have been admissible to refute an award of penal damages. Because this statement was not offered to prove the truth of the matter asserted, it is not hearsay. Instead, the statement is admissible to show Taylor’s state of mind. In my view, on remand, the circuit court should allow the statement to be admitted if Taylor seeks to introduce it to support his position that he did not cut the trees willfully or in reckless disregard for the Galloways’ rights. Under these circumstances, a limiting instruction would be appropriate.
¶ 40. I have reviewed the majority’s opinion and must respectfully disagree with the majority’s conclusion that this issue was not preserved for appellate review. Under Rule 103(a)(2), an error asserted on appeal may be predicated upon a ruling which excludes evidence where “the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.” (Emphasis added). I would find that the error complained of by Taylor was apparent throughout the record, which provided the county court ample opportunity to admit the father’s statement with a limiting instruction. Even assuming that this issue was not preserved for appellate review, the majority is remanding the case to a jury to consider whether penal damages are appropriate. Therefore, the admissibility of the statement will come up again, and I would instruct the circuit court to allow such statement to be admitted if Taylor seeks its admission because, it is not hearsay.
¶ 41. Damages may be assessed only if the cutting was done “willfully, or in reckless disregard for the rights of the owner of such tree.” Miss.Code Ann. § 95-5-10 (Rev.2004). I note that good faith is not a defense to liability for the unlawful cutting of timber under subsection (1) of section 95-5-10 (Rev.2004) of the Mississippi Code Annotated. See id; see also Moorehead v. Hudson, 888 So.2d 459, 462 (¶ 8) (Miss.Ct.App.2004) (noting that “the statute specifically excludes ‘good faith’ as a defense to timber trespass”). However, subsection (2) does not bar a good-faith defense for penal damages. See Miss.Code Ann. § 95-5-10(2) (Rev.2004).
¶42. On appeal, Taylor does not dispute liability or the compensatory damages assessed against him under subsection (1) on appeal. Instead, he argues that the county court erred in granting a directed verdict on penal damages under subsection (2) and failing to submit this issue to the jury, because he did not act willfully or in reckless disregard for the Galloways’ rights. I agree that this issue should have been submitted to the jury because Taylor presented evidence that he believed he was the actual owner of the subject property. Thus, because there was conflicting evidence over whether Taylor acted willfully or in reckless disregard for the Galloways’ rights, the issue should have been presented to the jury. Therefore, I agree with the majority’s decision to reverse the award of penal damages and remand the case to the circuit court for a new trial on penal damages. Further, I agree that on *1171 remand, the circuit court shall have a jury determine whether penal damages should be awarded.
LEE, C.J., IRVING, P.J., AND MAXWELL, J., JOIN THIS OPINION.